**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**THE UNITED STATES OF AMERICA** *ex rel.*         **PLAINTIFFS**
**NORMAN RILLE AND NEAL ROBERTS**

v.                              4:04-CV-00985-WRW

**ACCENTURE LLP,** *et al.*                         **DEFENDANTS**

**ORDER**

On December 4, 2008, the Court held a teleconference to help the parties -- at the parties' request -- finalize a protective order.[1] The parties reached an impasse on two issues, and asked the Court to decide those issues.[2]

The first issue is whether Plaintiffs are entitled to share Defendants' confidential information with other government agencies or Congress without any notice to Defendants and without any showing that the confidential nature of that information will be secure from public disclosure.[3]

The second issue is whether defendants must review the more than 400,000 pages of documents they produced nearly 2 years ago to the government in response to an administrative subpoena to determine which documents contain confidential information.[4]

**I. Sharing Confidential Information With Government Agencies, Congress**

Paragraphs 8 and 9 of Defendants' proposed protective order provide, in part, that a party disclosing Protected Material to any agency or department of the United States, or any division

---

[1] Doc. No. 129.

[2] Doc. Nos. 124, 132.

[3] Doc. No. 124.

[4] *Id.*

1

of any such agency or department, or to Congress pursuant to a Congressional request, must give the party that produced the information at least ten days notice before making the disclosure. Defendants' proposed Paragraph 8 also provides that any agency will maintain the confidentiality of Protected Material consistent with the terms of this Order.

The vigor with which defense counsel urged this point caused me to wonder if, at first blush, I had missed something. I'm now convinced that I had not. Perhaps I should award counsel a "straight face" award for urging this point in apparent seriousness.

Plaintiffs proposed Paragraphs 8 and 9 are appropriate, and any protective order between the parties will include the language from Plaintiffs' proposed Paragraphs 8 and 9.

II. Designating Protected Material

The burden lies on the movant to show that information is Protected Material under the protective order.[5] Under agreed-upon Paragraph 3 of the parties' proposed protective order, no party may designate material as protected unless that party believes in good faith that the material contains confidential information.[6] Confidential information is defined in agreed-upon Paragraph 2 of the proposed protective order as "limited to materials that contain information protected by statute, sensitive personal information, trade secrets, or other confidential research, development, or commercial information entitled to protection under Rule 269(c)(1)(G) of the Federal Rules of Civil Procedure."[7]

It seems to me that blanket labeling 400,000 plus pages as Protected Material does not meet the standards of good faith as set out in the parties' proposed protective order and is not in

---

[5] See Fed. R. Civ. P. 26.

[6] Doc. Nos. 124, 132.

[7] Doc. Nos. 124, 132.

keeping with the law. Accordingly, Defendant is directed to group the 400,000 pages of documents into categories of confidential information (*i.e.*, information protected by statute; sensitive personal information; trade secret; confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)). Defendant does not have to make this distinction on a document by document basis at this time. For example, Defendants should identify X number of pages as containing sensitive personal information, Y number of pages as containing trade secrets, *etc*. If the Government then wants to challenge a designation by category after reviewing a document, the burden of proof will be on Defendants.

Defendants may choose, in the alternative, to designate now on a document-by-document basis which of the 400,000 pages of documents contain confidential information, what the confidential information is, and why the information is confidential. Then, if the Government challenges a designation, the burden would shift to the government.

IT IS SO ORDERED this 10th day of December, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE