IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. NORMAN RILLE AND NEAL<br>ROBERTS<br><br>PLAINTIFF<br><br>VS.<br><br>ACCENTURE, LLP, an Illinois Limited<br>Liability Partnership, *et al.*<br><br>DEFENDANTS | Civil Action 4:04CV00985 WRW<br><br>**GENERAL PROTECTIVE ORDER** |

The Parties to this Action have requested that the Court enter a General Protective Order. The Court, having reviewed the proposed language to which the parties agree, as well as the pleadings and arguments of counsel relating to the matters in dispute, agrees that a Protective Order should be entered consistent with the Court's previous Orders on this subject.[1]

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

Plaintiffs, United States, Relators Norman Rille and Neal Roberts ("Relators"), and defendants, Accenture, LLP, Accenture, Ltd. and Proquire, LLC ("Defendants"), are hereby bound to the following Protective Order ("Protective Order") to control the disclosure of protected documents to be exchanged hereafter by the parties to the above captioned litigation. The United States and the Relators, hereafter collectively "Plaintiffs," and Defendants shall be collectively referred to hereafter as the "Parties."

---

[1] Doc. No. 138 and Doc. No. 141.

1. **Designation as Protected Material.**

A. Subject to the limitations contained in paragraph 2 below, a party may designate materials as "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" (collectively referred to as "Protected Material") by stamping the materials as such or by providing written notice designating material produced by another party or third party as Protected Material as soon as practicable. Upon receiving a written notice designating material as Protected Material, the receiving party shall make a good faith effort to stamp the words "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" on each page of such material, and all copies thereof, as requested by the designating party and, from that point forward, treat such material in all respects as Protected Material under this Protective Order. With respect to any deposition exhibit or transcript, or any portion thereof, a designation of such materials as "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the parties, and the transcript of such deposition or portion thereof shall be so marked. With respect to answers to interrogatories, requests for production of documents, and requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as Protected Material.

B. If the documents are produced in electronic media form (e.g., videotape, computer disc, CD Rom disc, DVD Rom disc, or the like) and such media contains both Protected Material and non-protected documents, the producing party shall (I) format the disc so the documents designated as Protected Material are clearly segregated so that a person can determine what

documents are claimed to be Protected Material without printing them or (ii) create a separate log identifying the documents claimed to be Protected Material. In addition, documents produced on electronic media form shall, to the extent possible, be formatted such that display and printed copies of any document(s) contain a footer stating "Protected Documents" or "Protected Documents - Attorneys' Eyes Only". Unless otherwise agreed to by the parties, in writing, no documents shall be presumed to be Protected.

C. In the event a party produced information or material that it determines is not adequately protected by the terms of this Protective Order for material designated as "Protected Documents", it shall identify that material as "Protected Documents - Attorneys' Eyes Only". "Protected Documents - Attorneys' Eyes Only" or information derived therefrom may only be disclosed to those persons identified in Subparagraph 5. In the event the parties are unable to resolve any dispute as to the appropriate confidential treatment of "Protected Documents" or "Protected Documents - Attorneys' Eyes Only," either party may submit such dispute to the Court, by duly noticed written motion, for resolution. Protected Material claimed to be "Protected Documents - Attorneys' Eyes Only" that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact "Protected Documents - Attorneys' Eyes Only" shall, until further order of the Court, be treated as "Protected Documents - Attorneys' Eyes Only" in accordance with the provisions of this Protective Order notwithstanding the existence of such dispute.

D. With respect to the documents produced by defendants in response to the Government's 2005 Inspector General Subpoena, Defendants are directed to group the 400,000 pages of documents into categories of confidential information (*i.e.*, information protected by

statute; sensitive personal information; trade secret; confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)). Defendant does not have to make this distinction on a document-by-document basis at this time. For example, Defendants should identify X number of pages as containing sensitive personal information, Y number of pages as containing trade secrets, *etc.* If the Government then wants to challenge a designation by category after reviewing a document, the burden of proof will be on Defendants.

Defendants may choose, in the alternative, to designate now on a document-by-document basis which of the 400,000 pages of documents contain confidential information, what the confidential information is, and why the information is confidential. Then, if the Government challenges a designation, the burden would shift to the government.

2. **Confidential Information Defined.** The designations "Protected Documents" and "Attorneys' Eyes Only" shall be limited to materials that contain information protected by statute, sensitive personal information, trade secrets, or other confidential research, development, or commercial information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The term "Trade Secret," as used in this Order, means information as defined under the Uniform Trade Secrets Act: Information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Confidential information of the United States includes information deemed confidential pursuant

to any and all applicable federal statutes or regulations. In the event a party in this action or a third party receives a request to produce documents for which a reasonable interpretation of a law or regulation requires that the documents be produced only pursuant to additional protections beyond those provided for Protected Material, the party may decline to produce such documents pending negotiations of additional protections with the other parties in this action. In the event the matter cannot be resolved through negotiations, the parties shall submit the matter to the Court for resolution.

3. **Obligation of Good Faith.** The parties agree that they shall not designate, in whole or in part, as Protected Material any testimony or document, as that term is defined in Federal Rule of Civil Procedure 34(a)(1)(A), or in the common understanding of the term - whichever is broader - unless the designating party has exercised reasonable diligence and has a good faith belief that such material contains confidential information entitled to protection from disclosure as defined above and under Federal Rule of Civil Procedure 26(c)(1)(G). Furthermore, documents shall not be designated "Protected Documents – Attorneys' Eyes Only" unless the designating party has a good faith and reasonable belief that such material would place the designating party or its partners, customers, or vendors at a material competitive or commercial disadvantage and would suffer significant material injury, beyond the risk of injury if such material was designated "Protected Material" if such material became known to persons outside of the designating party, except for those Qualified Persons to whom disclosure of those documents is permitted by the provisions of Paragraphs 5 and 6 hereof.

4. **Objection Process**. Nothing in the provisions of this Protective Order shall preclude the parties from objecting to the designation of documents or other discovery material as

Protected Material. Such objection must be made in writing and must state the basis of the objection. In such event, the party designating the documents or other discovery materials as Protected shall have the burden to file a motion for a protective order with the District Court in the Eastern District of Arkansas (the Court) within thirty (30) days of receipt of such objection, or such other time agreed to by the parties or ordered by the Court, demonstrating that there is good cause to designate the documents as such and that they properly are subject to treatment under this Protective Order. The documents at issue will be treated as Protected Material until the Court decides this motion. If within thirty (30) days or such other time agreed to by the parties or ordered by the Court, the party producing the records has not filed a motion for a protective order, the non-producing party may then treat the documents as not Protected Material. Any material that is designated as non-protected or Protected Material for which the designation changes during the course of this case must be immediately re-produced with correct labels.

5. **Qualified Persons for "Protected Documents."** Documents designated as "Protected Documents" and any copies thereof shall be disclosed only to Qualified Persons, which include only the following individuals:

a. Counsel in the above-captioned case, in-house counsel for Accenture, government agency counsel, and investigating agents and their supervisors, employees, clerks, legal assistants, investigators, auditors, accountants, and support personnel (including persons or firms engaged in the copying or organization of documents or conversion of documents from or to electronic media) who are involved with the preparation of, and proceedings concerning, the above-captioned action or any appeals therein, provided that any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring

that Protected Material (and its contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph;

    b. Experts and consultants retained in this action by respective counsel, and the employees of such experts and consultants who are assisting them, provided that, prior to disclosure, such expert or consultant and his or her support staff must agree to be bound by the terms of this Protective Order by executing the Non-Disclosure Certificate annexed hereto as Exhibit A, which executed exhibit shall be retained by counsel.

    c. The Court, its personnel, and the jury;

    d. Parties and their representatives, including agency personnel for the United States not included in paragraph a, involved with the preparation for, and proceedings concerning, the above-captioned action or any appeals therein, provided that any such party (or employee of such party) to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring that Protected Material (and its contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph;

    e. Deponents and other witnesses, but only if such persons are informed of the terms of the Protective Order, provided with a copy of the same, and told that they are bound by its terms and told that they are required not to disclose proprietary or confidential information which may be contained in the Protected Material;

    f. Court reporters or videographers selected by the parties, but only if such persons are informed of the terms of the Protective Order and told that they are bound by its

terms and are required not to disclose proprietary or confidential information which may be contained in the Protected Material;

g. Any persons who authored or previously received Protected documents, but only if such persons are informed of the terms of the Protective Order and told that they are bound by its terms and are required not to disclose proprietary or confidential information which may be contained in the Protected Material; and

h. Such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

6. **Qualified Persons for "Protected Documents - Attorneys' Eyes Only."** Unless otherwise authorized by the provisions of this Protective Order, by a written agreement of the parties or by Court order, any documents that are designated "Protected Documents -- Attorneys' Eyes Only" may be disclosed only to those Qualified Persons that are defined and identified in subparagraphs (a), (b), (c), (e), (f), (g) and (h) of Paragraph 5 hereof.

7. **No Use Permitted for Other Purposes.** Except as discussed below, Protected Material (and its contents or information revealing its contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 5, in (a) litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, the above-captioned action and any appeals therein, except as otherwise noted in this Agreement.

8. **Disclosure to Government.** Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Documents relating to

any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

9. **Disclosure to Congress**. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting that any Protected Material it has produced pursuant to this Order shall, if there are no objections interposed by the Congressional entity requesting the Protected Material, use reasonable efforts to notify the party of the Congressional entity's request and the United States' response thereto.

10. **Use by the Relators**. Relators agree not to use Protected materials except in the conduct of this legal action or related actions against vendors or alliance members of Accenture, or to the same extent as allowed by the Government as discussed in Paragraphs 8 and 9. Nothing herein shall prevent or in any way limit or impair the ability of the Relators to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the Relators shall notify the Congressional entity requesting the documents that the Protected Documents have been produced pursuant to this Protective Order and shall (provided that there are no objections interposed by the Congressional entity requesting the documents) use its best efforts to notify the party designating the documents as Protected documents of the Congressional entity's request and the Relators' response thereto.

11. **Using Protected Material in Depositions and Hearings**. Notwithstanding any restrictions contained otherwise in this Protective Order, any documents designated as Protected

Material may be used by any party at any deposition, conference, hearing or trial, subject to the provisions of this Protective Order. Documents designated as Protected Material that are identified as an exhibit in connection with testimony given in these proceedings will be marked as such. When documents designated as Protected Material are used in a deposition, conference, hearing or trial, counsel for the party that produced the underlying documents may indicate that such testimony is Protected Material by making a statement to that effect on the record at the deposition or other proceeding, or may identify such information as Protected Material after having had a reasonable opportunity to review the record of the deposition or hearing. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" and to label such portions appropriately.

12. **Non-Protected Material.** The following shall not be considered Protected Material: (a) any documents that at the time of disclosure to a receiving party are in the public domain; and (b) any documents that, after their disclosure to a receiving party, become part of the public domain as a result of publication not involving a violation of this Protective Order.

13. **Non-Disclosure Declaration**. Any person to whom Protected Material is to be disclosed shall first be advised by the attorney making the disclosure that such Protected Material is subject to a Protective Order, which limits the disclosure of such Protected Material to Qualified Persons.

14. **Filing of Protected Documents**. Subject to order of the Court, any Protected Material submitted or presented to or filed with the Court shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective

Order. If necessary, any dispute regarding the procedures for use of Protected Material in Court proceedings shall be submitted to the Court for resolution.

15. **Third-Party Subpoenas, Requests and Orders for Documents**. If another court, party to another lawsuit, or administrative agency orders or subpoenas production of Protected Material, the party receiving such order or subpoena shall, before complying with such order or subpoena, promptly notify, in writing, the party or other person who produced the Protected Material of the pendency of such subpoena or order and before producing the Protected Material, shall provide that party with a reasonable time period not less than ten (10) days from receipt of the notice to object to such disclosure. Nothing in this order shall require any party to violate an order of any court.

16. **Third-Party Productions.** The use of documents or testimony produced by any third-party as a result of any subpoena propounded by a party to this action or otherwise produced by any third party that asserts that such documents or testimony should be Protected Material will be subject to the terms and limitations of this Protective Order, if the producing third party so elects and designates such documents or testimony in writing at the time of the production or the taking of the testimony (or, in the case of depositions or hearings, within a reasonable amount of time thereafter). Should the producing third-party elect to use the terms of this Protective Order, they must follow all of the Order's requirements as if they were a party to this lawsuit. In the event a third-party considers a document or testimony to be so sensitive that the provisions of this Protective Order are inadequate, the third-party may make a motion in camera before the Court to give due consideration to amending or providing additional protection within fifteen (15) days of the receipt of the request for production.

17. **Copies of Discovery Material.** Copies of Protected Material, and the documents

prepared by counsel or an expert or consultant that incorporate or reveal confidential information or information from Protected Material, shall be subject to the same treatment hereunder as are the original documents or information produced.

18. **Conclusion of Case**. Upon the final conclusion of the above-captioned litigation, any Protected Material filed with the Court in this matter will be subject to disposition according to the order of this Court. Within ninety (90) days after the final conclusion of this litigation, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), all Protected Material, including any copies thereof, shall be returned to the producing party or destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product (including an index that refers or relates to Protected Material, copies of Protected Material filed as parts of briefs, letters, motions, pleadings, or other papers, and copies of Protected Material containing work-product notes). The Government may retain Protected Material to the extent required by statute or regulation. This work product continues to be confidential under the terms of this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the Protected Material. The parties shall undertake reasonable and prudent efforts to either destroy or return all Protected documents to the producing party or as ordered by this Court.

19. **Sharing with Another Party**. A party to this lawsuit may make Protected Material available for inspection and copying to any other party to this lawsuit. Documents so shared shall not lose their status as Protected Material.

20. **Steps to Be Taken In Event of Improper Disclosure**. In the event of a disclosure of Protected Material to a person not authorized to have received such disclosure to him or her

under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Protected Material is made by anyone. In the event that a party inadvertently fails to designate documents as Protected Material, and those documents are Protected Material, said party shall immediately inform all other parties, and shall immediately re-produce said document with the appropriate labels.

21. **Miscellaneous Provisions.** Any notice requirement herein may be waived, in whole or in part, but only by a writing signed by counsel of record for the party against whom such waiver will be effective. The parties, and their respective counsel, do not concede that Protected Material in fact contains or reflects trade secrets or confidential information. The provisions of this Protective Order may be modified at any time by the joint agreement of the parties in writing.

22. **Further Orders Regarding Confidentiality.** Any party, after good faith consultation with the other parties, may apply to this Court for a modification of this Protective Order or for other protective orders regarding the production and treatment of information designated or believed to be confidential by any party.

23. **Retention of Jurisdiction.** This Court shall retain jurisdiction to enforce the terms of this Protective Order and this Protective Order shall survive the termination of the above-captioned litigation, unless modified by order of the Court or by written stipulation of the parties filed with the Court. This Protective Order is without prejudice to the right of any party

-14-

to seek additional protection from the Court to preserve the confidentiality of documents or information produced in the above-captioned action.

IT IS SO ORDERED.

| | |
|---|---|
| 1-06-2009 | /s/ William R. Wilson |
| Date | Judge William R. Wilson |

## NON-DISCLOSURE DECLARATION

I hereby certify my understanding that Protected Material is being provided to me pursuant to the terms and restrictions of the General Protective Order dated _____ entered by the Court in *U.S. ex rel. Norman Rille, et al. v. Accenture LLP, et al.*, U.S. District Court, Eastern District of Arkansas, Civil Case No. 4-04CV00985(WRW) ("Protective Order"). I have been given a copy of the Protective Order and have read it.

I agree to be bound by the Protective Order. I will not reveal the Protected Material to anyone, except as allowed by the Protective Order. I will maintain all such Protected Material in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of the above-captioned litigation as set forth in the Protective Order, I will return the Protected Material to the counsel who provided me with the Protected Material.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this \_\_\_ day of _____, at _____.

_____
Signature

_____
Print Name

_____
Address

_____
City/State/Zip

_____
Telephone Number