**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS,<br>      *Plaintiff,*<br><br>      v.<br><br>ACCENTURE LLP; ACCENTURE LTD., and PROQUIRE, LLC,<br><br>      *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 4:04CV00985-WRW<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPERSEDING ORDER GRANTING ASSENT MOTION
RE PRODUCTION OF THIRD-PARTY DOCUMENTS UNDER THE TERMS OF THE
COURT'S GENERAL PROTECTIVE ORDER**

After consideration of the Assent Motion for Entry of Order Requiring the Production of Third-Party Documents Under the Terms of the Court's General Protective Order filed by Plaintiffs, United States and Relators Norman Rille and Neal Roberts, and Defendants Accenture LLP, Accenture Ltd., and Proquire LLC, and good cause appearing therefor,

THE COURT HEREBY ORDERS AND ADJUDGES AS FOLLOWS:

1. A party must produce third-party documents in its possession, control, or custody that are responsive to another party's document requests subject to the terms of the General Protective Order.

2. If a party reasonably believes that production of third-party documents might place a third party at a material competitive or commercial disadvantage if such documents became known to persons other than the third party and those Qualified Persons under the Court's General Protective Order, then the producing party shall designate the documents as "Protected Documents – Attorneys' Eyes Only."

3. The producing party will then provide notice to the third party that it intends to produce the documents in this litigation subject to the protections of the General Protective Order and provide the third party ten days (excluding holidays and weekends) to seek additional protections from the requesting party to this litigation and/or from this Court in the form of a Motion For Supplemental Protective Order. The producing party will provide a copy of the General Protective Order and this Supplemental Order to the Third Party.

4. The designation of third-party documents as "Protected Documents – Attorneys' Eyes Only" may only be challenged pursuant to paragraph 4 of the General Protective Order. Upon receipt of an objection to the designation of third-party documents as "Protected Documents - Attorneys' Eyes Only," a party will provide notice (with a copy to all parties) of such objection to any third parties from whom the producing party received challenged documents, within ten days of receiving the objection. The party designating the documents as Protected Material and/or the third party will have thirty days after such notice to file a motion for a protective order demonstrating good cause to designate the third-party documents as "Protected Documents - Attorneys' Eyes Only."

5. This Order does not apply to documents obtained from a third party for which a claim of privilege has been asserted or which were provided pursuant to Federal Rule of Evidence 408. This Order is also not to be read to require the United States to gather and produce documents of Government Contractors at Government facilities unless there is an independent requirement to do so.

IT IS SO ORDERED this 20th day of March, 2009.

/s/Wm. R. Wilson, Jr.

UNITED STATES DISTRICT JUDGE

Approved as to form:

| Dated: March 6, 2009 | |
| --- | --- |
| | |
| By: /s/ Donald J. Williamson | By: /s/ Lyn P. Pruitt |
| U.S. Department of Justice<br>Commercial Litigation, Civil Frauds<br>P.O. Box 261<br>Washington, DC 20044<br>(202) 514-7900<br><br>Counsel for the United States of America | Lyn P. Pruitt<br>Ark. Bar No. 84121<br><br>Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.<br>425 West Capitol Ave., Suite 1800<br>Little Rock, Arkansas 72201<br>(501) 688-8800<br>*lpruitt@mwsgw.com*<br><br>Counsel for Accenture LLP, Accenture Ltd, and Proquire LLC |
| By: /s/ Stephen Engstrom | |
| Stephen Engstrom<br><br>Wilson, Engstrom, Corum & Coulter<br>200 South Commerce, Suite 600<br>P.O. Box 71<br>Little Rock, Arkansas 72203<br>(501) 375-6458<br><br>Counsel for Relators Norman Rille and Neal Roberts | |