IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. NORMAN RILLE AND NEAL ROBERTS,<br><br>    PLAINTIFF,<br><br>v.<br><br>ACCENTURE, LLP, an Illinois Limited Liability Partnership, *et al.*,<br><br>    DEFENDANTS. | Civil Action 4:04CV00985-WRW |

## ORDER GRANTING ASSENT MOTION
## REGARDING INADVERTENT PRODUCTION IN DISCOVERY

After consideration of the Assent Motion regarding Inadvertent Production in Discovery filed by Plaintiff, United States and Relators, Norman Rille and Neal Roberts, and Defendants Accenture LLP, Accenture Ltd., and Proquire LLC, and good cause appearing therefor,

THE COURT HEREBY ORDERS AND ADJUDGES AS FOLLOWS:

1. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the inadvertent or unintentional production of information subsequent to the completion of the parties' Rule 26(f) conference on August 19, 2008 in this Action, that is subject to a claim of privilege or other protection including the attorney client privilege or work product doctrine, or any other privilege or immunity available under applicable law ("Inadvertently Produced Information"), shall not be deemed a waiver in whole or in part of the claim of privilege or other protection with respect to the Inadvertently Produced Information nor shall such production create a subject matter waiver, provided that the producing party complies

with the provisions set forth below with respect to the return of Inadvertently Produced Information.  This Order shall not affect the parties' rights and arguments with respect to documents exchanged or produced prior to the parties' Rule 26(f) conference in this Action.

2. A party who produces Inadvertently Produced Information shall, within fifteen (15) calendar days of discovery of such inadvertent or mistaken production, serve a written request by electronic, overnight, or regular mail upon the receiving party/parties for the return or destruction of the Inadvertently Produced Information and set forth the basis for the claim of privilege or protection.

3. A receiving party/parties may challenge a claim that the producing party inadvertently produced the Inadvertently Produced Information or that such information is privileged within fifteen (15) calendar days of receiving a written request for the return of such information.  The receiving party/parties of Inadvertently Produced Information must not use or disclose the Inadvertently Produced Information until any challenge to the return of such information is resolved.  The party asserting a claim of privilege or protection must preserve the information until any such challenge is resolved.  If the Court sustains the privilege claim with respect to Inadvertently Produced Information, the receiving party shall, within five (5) calendar days of the Court's Order, destroy or return any such materials and any copies thereof, and destroy any notes, memoranda, or other documents prepared by the receiving party/parties summarizing, discussing, quoting, or otherwise relating to the Inadvertently Produced Information and advise the producing party who claimed the privilege or other protection in writing of the destruction.

4. In the absence of a challenge as provided for in the preceding paragraph, the receiving party/parties of Inadvertently Produced Information shall return or destroy such

material and all copies thereof within fifteen (15) calendar days of receiving a written request for the return of same from the party who inadvertently produced the information and claims a privilege or other protection.  If the receiving party/parties already disclosed such information before receiving the written request, it shall take reasonable steps to retrieve the information. Furthermore, the receiving party/parties shall destroy any notes, memoranda, or other documents prepared by the receiving party/parties summarizing, discussing, quoting, or otherwise relating to the Inadvertently Produced Information and advise the party who inadvertently produced the information and claims a privilege or other protection in writing of the destruction.

      Dated this 23rd day of March, 2009.

                                                    /s/Wm. R. Wilson, Jr.
                                          UNITED STATES DISTRICT JUDGE