IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THE UNITED STATES OF AMERICA *ex rel.*                            PLAINTIFFS
NORMAN RILLE AND NEAL ROBERTS

v.                                    4:04CV00985-WRW

ACCENTURE LLP, *et al.*                                           DEFENDANTS

## ORDER

During a telephone conference held this morning, Relators, the Government, and Defendants presented oral arguments in connection with Defendants' Motion to Dismiss.[1]

In a nutshell, Defendants argue that Relators Second Amended Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[2] Defendants assert that "[f]ederal subject matter jurisdiction is lacking . . . because [relators'] allegations are based upon information supported by pervasive public disclosures in the news media. The relators are not the original source of any information based on these public disclosures. Thus, this Court lacks subject matter jurisdiction . . . ."[3] Defendants maintain the Relator's Second Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because Relators failed to plead fraud with sufficient particularity.[4]

Defendants contend that the more than 70 exhibits filed in support of their Motion are

---

[1]Doc. No. 168.

[2]Doc. Nos. 168, 169.

[3]Doc. No. 168.

[4]*Id.*

1

evidence of public disclosure. I disagree. The exhibits are generic, and do not contain any of the specific information necessary to be a "public disclosure."

Relators, in their Response, also filed numerous exhibits. During the telephone conference, Relators rebutted Defendants' public disclosure argument by directing the Court's attention to exhibits 12-24 of Relators' Response, which Relators contend show that Relators are an "original source." Defendants then asserted that Relators came into possession of the documents only through the Government. Defendants cited *United States ex rel. Montgomery v. St. Edward Mercy Medical Center*[5] for the proposition that disclosure by the government to relators of facts necessary to state a claim under the False Claims Act is a public disclosure.

I note that Norman Rille declared under penalty of perjury that exhibits 10, 12 through 20, and 24 are documents that he retained when his employment at Accenture was severed.

In *Montgomery*, the relators' original complaint did not state a valid claim under the False Claims Act.[6] After the government intervened, the relators filed an amended complaint, but conceded that the government's "'disclosure to Harrison of records from which he could identify the unnecessary bypass surgeries . . . do disclose the unnecessary surgeries alleged in this *qui tam* action.'"[7] The *Montgomery* court found public disclosure where there was no doubt that the relators did not have original, specific information. That is not the case here. It is beyond question that Relator Rille retained possession of thousands of documents when Accenture terminated his employment. Several of those documents, which provide specific facts to support

---

[5]No. 4:05-CV-00899 GTE, 2007 U.S. Dist. Lexis 73376 (Sept. 28, 2007 E.D. Ark.).

[6]*Id*. at *15.

[7]*Id*. at *24 (internal citation omitted).

Relators' allegations, were attachments to Relators' Response. Thus, *Montgomery* is not on point. There was no public disclosure.

Because I found no public disclosure, it is not necessary to do more original source analysis. Further, because I found no public disclosure, this Court has subject matter jurisdiction under 31 U.S.C. §§ 3729 and 3730.

With respect to Defendants' contention that Relators' Second Amended Complaint did not plead fraud with sufficient particularity to withstand fraud's heightened pleading standards, I find that Relators' Second Amended Complaint contained enough detail to pass muster under Fed. R. Civ. P. 9(b).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss (Doc. No. 168) is DENIED.

IT IS SO ORDERED this 3rd day of April, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE