IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| ) | | |
| UNITED STATES OF AMERICA | ) | |
| *ex rel*. NORMAN RILLE AND NEAL | ) | |
| ROBERTS | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil Action 4:04CV00985-WRW |
| | ) | |
| ACCENTURE, LLP, an Illinois Limited | ) | |
| Liability Partnership, *et al*. | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

**ORDER REGARDING PRODUCTION OF CERTAIN ACCENTURE DOCUMENTS
UNDER THE TERMS OF THE COURT'S GENERAL PROTECTIVE ORDER**

After consideration of the Assent Motion regarding production of certain Accenture documents under the terms of the Court's general protective order filed by Plaintiff, the United States of America and Relators Norman Rille and Neal Roberts (collectively the "Plaintiff"), and Defendants, Accenture, LLP, Accenture, Ltd. and Proquire, LLC ("Accenture"), and good cause appearing therefor,

THE COURT HEREBY ORDERS AND ADJUDGES AS FOLLOWS:

1.      Subject to the conditions set forth herein, the Court's November 20, 2008 discovery order is modified so that the certain Accenture documents that Relator Norman Rille had in his possession when his employment with Accenture terminated may be used by the parties to the following cases:  *U.S. ex rel. Norman Rille, et al. v. EMC Corporation*, Case No.

1:09-cv-00628-GBL-TRJ, U.S.D.C., E.D. Virginia; *U.S. ex rel. Norman Rille, et al. v. Sun Microsystems, Inc.*, Case No. 4-04 CV0000986WRW, U.S.D.C., E.D. Arkansas; *U.S. ex rel. Norman Rille, et al. v. Cisco Systems, Inc.*, Case No. 4-04 CV0000988WRW, U.S.D.C., E.D. Arkansas; and *U.S. ex rel. Norman Rille, et al. v. Hewlett-Packard Company*, Case No. 4-04 CV0000989WRW, U.S.D.C., E.D. Arkansas (collectively the "Relators' Cases").

2.      Any disclosure of the Accenture Documents in the Relators' Cases will be limited to materials that are within the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

3.      Any Accenture Documents disclosed in the Relators' Cases shall be designated "Protected Documents – Attorneys' Eyes Only" pursuant to this Court's General Protective Order, dated January 6, 2009.  The Accenture Documents disclosed in the Relators' Cases may be used only in the specific Relators' Case in which they are disclosed and shall be subject to the limitations in the General Protective Order on disclosure for documents designated as "Protected Documents – Attorneys' Eyes Only," with the exception that defendants' counsel in each of the Relators' Cases may disclose and use Accenture Documents in a manner consistent with the disclosure and use permitted of Accenture for materials produced to it by Plaintiff and designated as "Protected Documents – Attorneys' Eyes Only."  Designation of the Accenture Documents as "Protected Documents – Attorneys' Eyes Only" shall be without prejudice to a subsequent challenge by Plaintiff to such designation, which challenge shall be made in the above-captioned case.

4.     Copies of all Accenture Documents (or their corresponding Bates range) that Plaintiff intends to use in any of the Relators' Cases shall be provided to Accenture at least twenty (20) days prior to their disclosure in the Relators' Cases.

IT IS SO ORDERED this 27th day of July, 2009.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE