IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS,<br>      *Plaintiff,*<br><br>      vs.<br><br>ACCENTURE LLP; ACCENTURE LTD., and PROQUIRE, LLC,<br><br>      *Defendants.* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 4-04 CV0000985WRW<br>)<br>)<br>)<br>)<br>)<br>) |

**ACCENTURE'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO COMPEL ANSWERS TO
<u>ACCENTURE'S FIRST SET OF INTERROGATORIES (RESTATED)</u>**

Since the Government served its interrogatory responses over 18 months ago, Accenture has produced to the government 709,812 documents and more than 2.5 million pages of documents related to Accenture's government contracts and alliances, including complete document discovery for 10 of the 15 named contracts in the case (with 14 of the 15 to be completed by tomorrow, June 15th). These 709,812 documents and more than 2.5 million pages are in addition to the hundreds of thousands of pages that Accenture and other companies produced to the Government in response to inspector general subpoenas during the 2004 – 2008 time period before discovery began in this litigation. The Government served dozens of subpoenas and received millions more pages of documents from third parties, including Accenture's alliance partners. The Government has taken 20 Accenture depositions, including members of Accenture's senior leadership team, alliance and accounting specialists, and federal contracts personnel. The Government has defended another 13 depositions of its own

1

contracting personnel, including contracting officers involved in evaluating Accenture's proposals and awarding contracts at issue in this case.

Despite this substantial discovery, the Government continues to stand on its November 26, 2008 interrogatory responses. As the Government has conceded on numerous occasions, those vague responses do not reflect the Government's present understanding of the case and prevent Accenture from adequately preparing for its defense.

Granting Accenture's motion, and setting prompt deadlines for the Government's supplementation of its responses, will contribute meaningfully to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion;[1] and/or (4) exposing a substantial basis for a motion under Rule 56. *See Brassell v. Turner*, No. 3:05CV476LS, 2006 WL 1806465 (S.D. Miss. June 29, 2006) (citing *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)). The Government will not be prejudiced by supplementing its interrogatories answers now, nor will it be locked into "final answers." The Federal Rules of Civil Procedure allow the Government to supplement its interrogatories (which it should have already done) to address any additional information it may learn through the end of discovery. *See* Fed. R. Civ. P. 26(e). Additionally, the Court may permit the withdrawal or amendment of an answer to an interrogatory. *See* Advisory Committee Notes, 1970 Amendments to Fed.R.Civ.P 33(b) (incorporated into current Rule 33(a)(2)).

Conversely, denying Accenture's motion will create a substantial injustice by forcing both parties to engage in unnecessary and expensive discovery and by denying Accenture the opportunity to take needed discovery – with respect to each contract – on the Government's

---

[1] The Parties are scheduled to meet with a mediator beginning this month to discuss resolving the matter without further litigation. It is critical that the Government supplement its interrogatory responses to allow Accenture to accurately assess the remaining claims prior to mediation.

*specific* theories of liability *before discovery closes*. The Government concedes that Accenture is entitled to this information, Opp. at 2, and Accenture needs the information now to adequately prepare its defense.

I.   The Interrogatory Answers Do Not Reflect the Government's Present Understanding of the Case and the Government Must Supplement Them Now

Courts, relying on Federal Rules of Civil Procedure 11 and 26, routinely require plaintiffs to answer contention interrogatories regardless of the discovery schedule. It is hornbook law that the Government must have had some factual basis for the allegations in their complaint. Fed. R. Civ. P. 11; *see also*, *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP.*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (granting motion to compel contention interrogatories). The Government should be "required to reveal this Rule 11 basis, *as well as other presently-known facts* on the matter[s with respect to *all* contracts], when responding to [Accenture's] contention interrogator[ies], regardless of how much discovery has transpired." *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2009 WL 73671 (D. Ariz. Jan. 9, 2009) (emphasis added); *see also Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 252 (E.D.N.Y. 2007) (granting motion to compel answers to contention interrogatories even though defendant had not yet produced any documents to plaintiffs and only one deposition had occurred). By answering these interrogatories, the Government is *not* locked into "final answers": the Government can – and must – supplement its responses if, during the course of discovery, it finds that its answers are incorrect or incomplete. *See* Fed. R. Civ. P. 26(e); *see also Campbell v. Washington*, No. C098-0983-JCC, 2009 WL 577599 at *3 (W.D. Wash. Mar. 5, 2009) (granting motion to compel contention interrogatories) (citations omitted).

The Government's responses have grown stale and do not reflect its present understanding of either its legal or factual theories. In its response to interrogatory 3, the

Government alleged, in vague and general terms, that Accenture earned improper Resale Revenue and/or SI Comp in connection with 19 government contracts. Interrogatory Responses at 28-48.[2] Since serving its responses, however, the United States has withdrawn its requests for discovery with respect to all or some portion of 8 of those contracts:

1. MTMC (withdrawing claims of over $1.2 million dollars in allegedly improper resale revenue);

2. IRS (withdrawing claims of over $600,000 in allegedly improper resale revenue on 6 separate task orders);

3. USDA (withdrawing claims of over $90,000 in allegedly improper resale revenue);

4. FERC (withdrawing claims of over $15,000 in allegedly improper SI Comp payments);

5. FDIC (withdrawing claims of over $600,000, including over $300,000 in allegedly improper SI Comp);

6. DIA (withdrawing claims of over $350,000, in allegedly improper resale revenue and SI Comp);

7. Department of State - ILMS (withdrawing claims of over $200,000 in allegedly improper resale revenue);

8. Department of Defense – FVAP Contract (withdrawing claims of over $260,000 in allegedly improper resale revenue and SI Comp);

These concessions demonstrate that Resale Revenue[3] and SI Comp are proper in some cases, contrary to the Government's vague (and inaccurate) allegations. The Government's interrogatory responses, however, draw no substantive distinctions between the allegedly improper revenue on the 19 named contracts. Why is SI comp permissible on FERC or FVAP but not on ITEC-4? How, if at all, do alleged SI Comp payments, resale revenue, or other

---

[2] The Government's Interrogatory Responses were previously filed as Exhibit 4 to Accenture's Motion to Compel Answers to Accenture's First Set of Interrogatories (Restated) ("Accenture's Motion").

[3] In fact, as previously argued in Accenture's Motion, the Government has explicitly conceded that Resale Revenue is sometimes proper. *See* Mot. at 6-7.

payments reflect violations of regulations, statutes, or other law *on each of the named contracts*? Accenture is entitled now to this most basic of information about the Government's present understanding of the case.

II.     Substantial Discovery Has Taken Place and Accenture Needs the Government's Supplemental Answers Prior to the Close of Discovery

The Government seeks to hide behind a smokescreen by arguing that these contention interrogatories are "premature" – despite the fact they willingly answered those interrogatories over 18 month ago.  The Government investigated this case for 3 years before unsealing it.  During that investigation, the Government served numerous document subpoenas and interviewed Accenture employees.  As the Court is well aware, the overwhelming majority of document discovery is complete (only one named contract, NSA, remains for discovery after Tuesday, June 15).  Since discovery began in this case, the Government has received millions of pages of documents and has attended 33 depositions of current and former Accenture and Government employees.

The Government's narrow focus on the general document production (July 1, 2010) and fact discovery (Jan. 2011) deadlines mischaracterizes the status of discovery.  As the Court is well aware, the amended discovery schedule (entered March 9, 2010) organizes discovery into five tiers of contracts, setting production deadlines for each tier on a staggered basis.  Accenture has met its production deadlines under that schedule, as shown below:

1. **Tier 1 Contracts (Document Discovery Complete for 4.5 Months):**

    a. DLA:  Accenture produced contract documents beginning May 21, 2009.  Accenture produced custodial ESI between January 2010 and February 1, 2010.

    b. GSA:  Accenture produced contract documents beginning March 27, 2009.  Accenture produced custodial ESI between January 2010 and February 1, 2010.

  c. DeCA:  Accenture produced contract documents beginning March 27, 2009.  Accenture produced custodial ESI between January 2010 and February 1, 2010.

  d. IRS:  Accenture produced contract documents beginning March 27, 2009.  Accenture produced custodial ESI between January 2010 and February 1, 2010.

2. **Tier 2 Contracts (Document Discovery Complete for 3.5 Months):**

  a. AAFES:  Accenture produced contract documents beginning May 21, 2009.  Accenture produced custodial ESI on March 1, 2010.

  b. GTN 21:  Accenture produced contract documents beginning July 10, 2009.  Accenture produced custodial on March 1, 2010.

  c. ITEC-4:  Accenture produced contract documents beginning May 21, 2009. Accenture produced custodial ESI on March 1, 2010.

3. **Tier 3 Contracts  (Document Discovery Complete for 1 Month):**

  a. Department of Education:  Accenture produced contract documents beginning July 10, 2009.  Accenture produced custodial ESI on May 15, 2010.

  b. Department of State – ILMS:  Accenture produced contract documents beginning March 27, 2009.   Accenture produced custodial ESI on May 15, 2010.

  c. USAF-FIRST:  Accenture produced contract documents beginning December 1, 2009.  Accenture produced custodial ESI on May 15, 2010.

4. **Tier 4 Contracts (Document Discovery To Be Completed June 15, 2010):**

  a. Department of Interior:  Accenture produced contract documents beginning March 27, 2009.  Accenture is scheduled to produce custodial ESI tomorrow, June 15, 2010.

  b. TSA: Accenture produced contract documents on January 4, 2010.  Accenture is scheduled to produce custodial ESI tomorrow, June 15, 2010.

  c. EDW: Accenture is scheduled to produce custodial ESI tomorrow, June 15, 2010.

    d. US-VISIT:  Accenture produced contract documents on December 1, 2009.  Accenture is scheduled to produce custodial ESI tomorrow, June 15, 2010.

5. **Tier 5 Contracts:**

    a. NSA:  Accenture is scheduled to produce contract documents on July 1, 2010.

  The Government's suggestion that substantial discovery remains to take place is wrong.  Document discovery (including both contract files and ESI) is complete for the first 3 contract tiers, including 10 separate contracts, and will be complete for Tier 4 contracts tomorrow.  For example, document productions for the Tier 1 contracts began in *March 2009*, and the Government received Tier 1 ESI from Accenture beginning in January 2010, over six months ago.

  The Government should be fully prepared to provide supplemental answers now, at a minimum for the contract tiers for which document discovery is complete (including Tiers 1, 2, and 3).[4]  It should be compelled to do so.  *See, e.g.*, *County of Santa Clara v. Astra USA, Inc.*, No. C-05-3740, 2009 WL 2868428, at *2-3 (N.D. Cal. Sept. 3, 2009) (granting motion to compel contention interrogatories where case had been ongoing for four years and because the Federal Rules of Civil Procedure "encourage early disclosure and supplementation when necessary"); *Donahay v. Palm Beach Tours & Trans.*, 242 F.R.D. 685 (S.D. Fla. 2007) (granting motion to compel contention interrogatories where discovery had been ongoing for "several months and Plaintiff had already propounded basic identity interrogatories"); *Convergent Bus. Sys., Inc. v. Diamond Reporting, Inc.*, No. CV-88-2329, 1989 WL 92038, at *1 (E.D.N.Y. Aug. 3, 1989) (granting motion to compel contention interrogatories where "discovery was well underway

---

[4] The Government's pending motion to compel has no impact on the Government's ability to supplement its interrogatory answers on contracts for which documents discovery is complete.

[because] defendants had produced a mass of documents and the parties had conducted several depositions").

Accenture needs supplemental responses now, reflecting the substantial discovery in the case, to adequately prepare its defense. Without supplemental responses now, Accenture is left guessing, for example, whether *and why* the Government believes any given Alliance Benefit (1) is a kickback; and/or (2) whether it violates the FCA – did Accenture violate a contractual or regulatory conflict of interest provision? Did Accenture certify otherwise? Was Accenture's certification explicit or implicit? General and vague assertions that such conduct may be improper is not enough.

In the next six months, Accenture needs the opportunity to take necessary discovery, including document requests and depositions to address the Government's present theories. It is fundamentally unfair to make Accenture wait until the eve of trial to finally understand the nature of the Government's claims, when it will have no chance to take discovery to address those claims. This is particularly true for the contract tiers for which document discovery is complete and the Government has been able to review and assimilate that information.

The Government concedes that it does not object to providing detailed supplemental responses after it has had the benefit of significant discovery. Opp. at 2. The time for targeted, meaningful answers is now. For the reasons stated above, the Government should be required to answer interrogatories 3, 5, 7, 10, 18, 20, 22, 28, 34, and 39 completely with the information currently possessed according and thereafter to supplement their responses to reflect new information learned in discovery, as required by Fed. R. Civ. P. 26(e).

In the alternative, Accenture requests the Court set deadlines for the above interrogatories on a staggered basis by contract tier, corresponding to the current discovery

schedule.  Accenture respectfully suggests the Court set supplementation deadlines of  July 2 for the Tier 1 contracts, July 16 for the Tier 2 contracts, July 30 for the Tier 3 contracts, August 13 for the Tier 4 contracts, and August 27 for the Tier 5 contracts.

Dated:  June 14, 2010 Respectfully submitted,

By:  /s/ Lyn P. Pruitt
Lyn P. Pruitt
Ark. Bar No. 84121

Of Counsel:
J. Andrew Jackson (admitted *pro hac vice*)
*jacksona@dicksteinshapiro.com*
David M. Nadler (admitted *pro hac vice*)
*nadlerd@dicksteinshapiro.com*
Jason Wallach (admitted *pro hac vice*)
*wallachj@dicksteinshapiro.com*

Dickstein Shapiro LLP
1825 Eye St. NW
Washington DC, 20006
Tel:  (202) 420-2200
Fax:  (202) 420-2201

Mitchell, Williams, Selig, Gates
   & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201
(501) 688-8800
*lpruitt@mwsgw.com*

Case 4:04-cv-00985-WRW   Document 327   Filed 06/15/10   Page 10 of 10

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of June 2010, I caused a true and correct copy of the foregoing document by electronic mail upon the following:

**Jacquetta F. Bardacos**
jbardacos@packard.com

**Jenelle M. Beavers**
jenelle.beavers@usdoj.gov

**Michael Bierman**
mbierman@luce.com,
tdelpomar@luce.com

**Stephen C. Engstrom**
stephen@wecc-law.com,
marilyn@wecc-law.com

**Philip J. Favro**
pfavro@packard.com

**Craig H. Johnson**
cjohnson@packard.com

**Shirley Guntharp Jones**
shirley@wecc-law.com,
lorraine@wecc-law.com

**Jeehae Jennifer Koh**
jennifer.koh@usdoj.gov

**Linda McMahon**
linda.mcmahon2@usdoj.gov

**David M. Nadler**
nadlerd@dicksteinshapiro.com

**Daniel W Packard**
dpackard@packard.com

**Lon D. Packard**
lpackard@packard.com

**Ronald D. Packard**
rdpackard@packard.com

**Von G. Packard**
vpackard@packard.com,
jsimmons@packard.com

**Shannon S. Smith**
Shannon.Smith@usdoj.gov,
Paulette.Chappelle@usdoj.gov,
Maria.Altadonna@usdoj.gov

**Jeffrey Wexler**
jwexler@luce.com,
tdelpomar@luce.com

**Donald J. Williamson**
don.williamson@usdoj.gov

And by United States Mail this same date to:

The Honorable John W. Cole
311 West Sunset Drive
Sheridan, AR 72150

    /s/ Lyn P. Pruitt
       Lyn P. Pruitt