A3091D7
ANN HEENAN   OCTOBER 22, 2009

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION


                                      )
UNITED STATES OF AMERICA              )
EX REL, NORMAN RILLE AND NEAL         )
ROBERTS,                              )
                                      )
                 PLAINTIFFS,          )
VS.                                   ) No. 4:40-CV-0985 WRW
                                      )
ACCENTURE, LLP AN ILLINOIS            )
LIMITED LIABILITY PARTNERSHIP         )
ET AL,                                )
                                      )
                 DEFENDANTS.          )
                                      )




                  VIDEOTAPED DEPOSITION OF

                        ANN HEENAN

                    CHICAGO, ILLINOIS

                    OCTOBER 22, 2009








ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376

REPORTED BY:   CHERYL LYNN MOFFETT, CSR NO. 084-002218
FILE NO. A3091D7
```

A3091D7
ANN HEENAN    OCTOBER 22, 2009

| | | | |
|---|---|---|---|
| 1 | Accenture would use when they reported to you that | 11:08 | |
| 2 | shares had vested in their favor or in Accenture's | 11:08 | |
| 3 | favor? | 11:08 | |
| 4 | MR. WALLACH: Objection, form. | 11:09 | |
| 5 | THE WITNESS: This is one. This is one of | 11:09 | |
| 6 | the types of forms, but it could possibly come in | 11:09 | |
| 7 | another form similar to this. | 11:09 | |
| 8 | BY MR. D. PACKARD: | 11:09 | |
| 9 | Q. Okay. There could have been different | 11:09 | |
| 10 | iterations of this form? Is that what you're saying? | 11:09 | |
| 11 | A. Correct. | 11:09 | |
| 12 | Q. All right. Let's look at one that's filled | 11:09 | |
| 13 | out. Have you ever seen any of them filled out before? | 11:09 | |
| 14 | A. I have. | 11:09 | |
| 15 | Q. We were talking about that just before we | 11:09 | |
| 16 | took the break. These are the kinds of forms you're | 11:09 | |
| 17 | talking about, is that correct? | 11:09 | |
| 18 | A. Yes. | 11:09 | |
| 19 | Q. All right. This is one -- | 11:09 | |
| 20 | MR. WALLACH: What's the exhibit number? | 11:09 | |
| 21 | MR. D. PACKARD: Oh, is this still part of | 11:09 | |
| 22 | Exhibit 75? | 11:09 | |
| 23 | MR. WALLACH: No. | 11:09 | |
| 24 | MR. D. PACKARD: It's E-01136673. It does | 11:09 | |
| 25 | not have an exhibit number, so what's the last exhibit | 11:09 | |

Page 110

| | | | |
|---|---|---|---|
| 1 | on my disk? Do you know? | 11:10 | |
| 2 | MR. WALLACH: Did I miss a number again? | 11:10 | |
| 3 | 11366. Sorry. | 11:10 | |
| 4 | MR. D. PACKARD: 011. | 11:10 | |
| 5 | MR. WALLACH: 36673. Got it. 01136-6736. | 11:10 | |
| 6 | Got it. Thank you. | 11:10 | |
| 7 | MR. D. PACKARD: And just so we have a | 11:10 | |
| 8 | cleaner record, I sent you a disk with all of the | 11:10 | |
| 9 | exhibit numbers on it, and the last number is what? | 11:10 | |
| 10 | MR. WALLACH: 220. You want to just call | 11:10 | |
| 11 | this 175A? I mean 75A? | 11:10 | |
| 12 | MR. D. PACKARD: Let's do that. | 11:10 | |
| 13 | BY MR. D. PACKARD: | 11:10 | |
| 14 | Q. All right. Exhibit 75A is an acknowledgment | 11:10 | |
| 15 | of vesting event from what company? | 11:10 | |
| 16 | MR. WALLACH: Objection, form. | 11:11 | |
| 17 | BY MR. D. PACKARD: | 11:11 | |
| 18 | Q. Can you tell us the company? | 11:11 | |
| 19 | A. EveryPath. | 11:11 | |
| 20 | Q. EveryPath. Are you familiar with EveryPath? | 11:11 | |
| 21 | A. I've heard of them. | 11:11 | |
| 22 | Q. Are you familiar enough with them to know | 11:11 | |
| 23 | whether or not they have an alliance with Accenture? | 11:11 | |
| 24 | A. I don't remember specifically. | 11:11 | |
| 25 | Q. Does it surprise you that there's an | 11:11 | |

Page 111

| | | | |
|---|---|---|---|
| 1 | acknowledgment of vesting event for EveryPath? | 11:11 | |
| 2 | A. No. | 11:11 | |
| 3 | Q. And you see that it says, "The event which | 11:11 | |
| 4 | has occurred," you see that section? | 11:11 | |
| 5 | A. I do. | 11:11 | |
| 6 | Q. And do you see that one of them was the US | 11:11 | |
| 7 | Post Office? | 11:11 | |
| 8 | MR. WALLACH: Objection, form, lack of | 11:11 | |
| 9 | foundation. | 11:11 | |
| 10 | THE WITNESS: Yes. | 11:11 | |
| 11 | BY MR. D. PACKARD: | 11:11 | |
| 12 | Q. Okay. And do you see here it says, "A number | 11:11 | |
| 13 | of qualified introductions"? | 11:11 | |
| 14 | MR. WALLACH: Objection. | 11:11 | |
| 15 | BY MR. D. PACKARD: | 11:11 | |
| 16 | Q. Do you see that section, that little | 11:11 | |
| 17 | statement next to event which has occurred? | 11:11 | |
| 18 | A. Yes. | 11:11 | |
| 19 | Q. All right. And does that indicate to you | 11:11 | |
| 20 | that these vesting events took place because of a | 11:11 | |
| 21 | client introduction? | 11:11 | |
| 22 | MR. WALLACH: Objection, form. | 11:12 | |
| 23 | THE WITNESS: Yes. | 11:12 | |
| 24 | BY MR. D. PACKARD: | 11:12 | |
| 25 | Q. Okay. So -- and there are one, two, three, | 11:12 | |

Page 112

| | | | |
|---|---|---|---|
| 1 | four introductions listed. Do you see the clients? | 11:12 | |
| 2 | A. I do. | 11:12 | |
| 3 | MR. WALLACH: Objection. | 11:12 | |
| 4 | BY MR. D. PACKARD: | 11:12 | |
| 5 | Q. And who are the clients? | 11:12 | |
| 6 | A. Kraft, United States Postal Service, Harley | 11:12 | |
| 7 | Davidson, Millennium Group. | 11:12 | |
| 8 | Q. Okay. And what is your understanding about | 11:12 | |
| 9 | what happened with respect to these four clients that | 11:12 | |
| 10 | resulted in a warrant vesting in Accenture's favor? | 11:12 | |
| 11 | MR. WALLACH: Objection. You mean based on | 11:12 | |
| 12 | this document? | 11:12 | |
| 13 | BY MR. D. PACKARD: | 11:12 | |
| 14 | Q. Based on this document or anything else you | 11:12 | |
| 15 | know. | 11:12 | |
| 16 | MR. WALLACH: Okay. | 11:12 | |
| 17 | THE WITNESS: Just based on this document it | 11:12 | |
| 18 | says qualified introduction. So, maybe a client -- | 11:12 | |
| 19 | that would mean that we introduced that client to that | 11:12 | |
| 20 | alliance. | 11:12 | |
| 21 | BY MR. D. PACKARD: | 11:12 | |
| 22 | Q. All right. Did you receive copies of these | 11:12 | |
| 23 | vesting events beyond the one that we have here, beyond | 11:12 | |
| 24 | EveryPath? | 11:13 | |
| 25 | MR. WALLACH: Objection, lack of foundation, | 11:13 | |

Page 113

29 (Pages 110 to 113)

A3091D7
ANN HEENAN    OCTOBER 22, 2009

### Page 114

1  although I will stipulate that this came from her Lotus  11:13
2  notes file.  11:13
3         THE WITNESS: Yes.  11:13
4  BY MR. D. PACKARD:  11:13
5     Q. Okay. Would you expect to see more than five  11:13
6  of these that you received in the course of your  11:13
7  employment?  11:13
8         MR. WALLACH: Objection, form.  11:13
9         THE WITNESS: Yes.  11:13
10 BY MR. D. PACKARD:  11:13
11    Q. Would you expect to see more than a hundred?  11:13
12    A. No.  11:13
13        MR. WALLACH: Objection.  11:13
14        THE WITNESS: No.  11:13
15 BY MR. D. PACKARD:  11:13
16    Q. Okay. Would you give me your best estimate  11:13
17 of between five and a hundred, and I'm not going to  11:13
18 hold you to a specific number, but just your best  11:13
19 estimate about how many forms that acknowledge vesting  11:13
20 events that you may have received?  11:13
21        MR. WALLACH: Objection, form.  11:13
22        THE WITNESS: Fifteen.  11:13
23 BY MR. D. PACKARD:  11:13
24    Q. You think you may have received somewhere  11:13
25 between 10 and 20 of these? Is that fair to say?  11:13

### Page 115

1     A. I don't remember, but if you're asking for my  11:13
2  best guess I would say yes.  11:13
3     Q. All right. Do you see on this form the  11:14
4  amount of shares that vested as a result of each event?  11:14
5         MR. WALLACH: Objection, form.  11:14
6         THE WITNESS: I do.  11:14
7  BY MR. D. PACKARD:  11:14
8     Q. Okay. And there's 8,000 for Kraft, 8,000 for  11:14
9  the post office, 8,000 for Harley Davidson, and 16,000  11:14
10 for the Millennium Group. Do you see that?  11:14
11        MR. WALLACH: Objection.  11:14
12        THE WITNESS: I do.  11:14
13 BY MR. D. PACKARD:  11:14
14    Q. Does that indicate to you that -- well, what  11:14
15 does that indicate to you in terms of how many shares  11:14
16 of stock would vest as a result of each introduction?  11:14
17        MR. WALLACH: Objection, lack of foundation.  11:14
18        THE WITNESS: I don't know if there was other  11:14
19 criteria, if this was specific just to an introduction.  11:14
20 I can only know what I -- I can only say what I can  11:14
21 read on this, but I don't know if there was more behind  11:14
22 it than client introductions.  11:14
23 BY MR. D. PACKARD:  11:14
24    Q. All right. Okay. When you received a form  11:14
25 like this, what would you do with the information?  11:15

### Page 116

1     A. I would send this to ATV and I would update  11:15
2  an equity tracking document that I had.  11:15
3     Q. What did you call that equity tracking  11:15
4  document?  11:15
5     A. I believe it was called our equity summary.  11:15
6     Q. Okay.  11:15
7     A. I don't remember exactly, but something to  11:15
8  that effect.  11:15
9     Q. How often was that equity summary document  11:15
10 created or produced?  11:15
11        MR. WALLACH: Objection, form.  11:15
12        THE WITNESS: It was, I don't want to say  11:15
13 every month, but give or take. Like around monthly,  11:15
14 but we may have missed a month or two. It was -- it  11:15
15 wasn't something, it wasn't -- you know, we tracked  11:15
16 them in different -- we track things in different ways.  11:15
17 It was a very iterated process, so there was no  11:15
18 standard, but for a while I specifically remember using  11:16
19 one tracking document which was about monthly.  11:16
20 BY MR. D. PACKARD:  11:16
21    Q. Okay. Can you think of anybody else besides  11:16
22 you yourself and Mr. Valure who would receive, and the  11:16
23 folks at ATV, who would receive information relating to  11:16
24 equity interest or equity performance based warrants  11:16
25 that would vest?  11:16

### Page 117

1         MR. WALLACH: Objection, form.  11:16
2         THE WITNESS: Those who managed the alliance  11:16
3  would receive those.  11:16
4  BY MR. D. PACKARD:  11:16
5     Q. Okay. And I believe you said that those who  11:16
6  managed the alliance were responsible for tracking when  11:16
7  they did, in fact, vest, is that correct?  11:16
8     A. Yes.  11:16
9     Q. Okay. Do you recall whether or not on your  11:16
10 equity summary form or on any of the other forms that  11:16
11 you would create that you would place the information  11:16
12 in them relating to the criteria for vesting?  11:16
13    A. No.  11:17
14    Q. Okay. Well, let's go over some of these  11:17
15 tracking forms. And I want to start with Exhibit  11:17
16 No. 52. Are you familiar with this document? It  11:17
17 appears to be a Power Point presentation from a  11:17
18 reporting task force, performance reporting task force.  11:17
19        MR. WALLACH: What's the question?  11:18
20 BY MR. D. PACKARD:  11:18
21    Q. Okay. And let me try to -- if we can go to  11:18
22 Page 6. We had a task force and the members are, you  11:18
23 can read here, one of them is Ted Valure. Do you see  11:18
24 that?  11:18
25        MR. WALLACH: Objection, the document speaks  11:18

30 (Pages 114 to 117)

A3091D7
ANN HEENAN    OCTOBER 22, 2009

```
 1    IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF ARKANSAS
 2             WESTERN DIVISION
 3
 4    _____
                         )
 5    UNITED STATES OF AMERICA  )
      EX REL, NORMAN RILLE AND NEAL )
 6    ROBERTS,           )
                         )
 7        PLAINTIFFS,  )
      VS.              ) No. 4:40-CV-0985 WRW
 8                     )
      ACCENTURE, LLP AN ILLINOIS  )
 9    LIMITED LIABILITY PARTNERSHIP )
      ET AL,           )
10                     )
             DEFENDANTS.)
11    _____)
12
13       I, ANN HEENAN, hereby certify that I have
14    read the foregoing transcript of the testimony given by
15    me at my deposition on October 22, 2009, and that said
16    transcript constitutes a true and correct record of the
17    testimony given by me at said deposition except as I
18    have so indicated on the errata sheets provided herein.
19
20    ANN HEENAN _____
21    No corrections (Please initial)_____
22    Number of errata sheets submitted _____ pages
23    SUBSCRIBED AND SWORN TO BEFORE ME
24    This _____ day of _____, 2009
25    NOTARY PUBLIC _____
                                                      Page 358
```

```
 1    STATE OF ILLINOIS )
 2                     ) SS:
 3    COUNTY OF C O O K )
 4        I, CHERYL LYNN MOFFETT, Certified Shorthand
 5    Reporter No. 084-002218 in and for the County of Cook
 6    and State of Illinois, do hereby certify that I caused
 7    to be reported in shorthand and thereafter transcribed
 8    the foregoing transcript of proceedings.
 9        I further certify that the foregoing is a
10    true and correct transcript of my shorthand notes so
11    taken as aforesaid; and, further, that I am not counsel
12    for nor in any way interested in the outcome thereof.
13        I further certify that this certificate
14    applies to the original signed IN BLUE and certified
15    transcripts only.  I assume no responsibility for the
16    accuracy of any reproduced copies not made under my
17    control or direction.
18        IN TESTIMONY WHEREOF, I have hereunto set my
19    hand this 9th day of November, 2009.
20
21
22
23
24    _____
25    CHERYL LYNN MOFFETT
                                                      Page 359
```

91 (Pages 358 to 359)