IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS, <br><br> *Plaintiff,* <br><br> vs. <br><br> ACCENTURE LLP, ACCENTURE LTD., and PROQUIRE, LLC, <br><br> *Defendants.* | Case No. 4-04 CV0000985WRW |

## ORDER GRANTING
## ASSENT MOTION REGARDING SCOPE OF EXPERT DISCOVERY

After consideration of the Assent Motion Regarding Scope of Expert Discovery filed by Plaintiffs, the United States of America and Relators Norman Rille and Neal Roberts, and Defendants, Accenture LLP, Accenture Ltd., and Proquire, LLC, and good cause appearing therefor,

Any Party offering an expert witness (the "Expert") need produce only the following information in connection with that Expert:

1.      a complete statement of all opinions to be expressed by the Expert and the basis and reasons therefore (the "Expert Report");

2.      the facts or data considered by the Expert in forming the opinions reflected in the Expert Report;

3.      any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report;

1

4.      a complete statement of the qualifications of the Expert, including a list of all

publications authored by the Expert within the preceding ten years;

5.      a complete statement of the compensation paid  to the Expert by the party

sponsoring that Expert in connection with his/her work in this matter, and all invoices or billing

statements rendered by the Expert in connection therewith; and,

6.      a listing of any other cases in litigation, or any administrative proceeding, in

which the Expert has served an Expert Report, or has testified as an expert at trial or by

deposition, within the preceding four years.

7.      For avoidance of doubt, the following information and materials are excluded

from expert discovery:

        a.      any notes, comments, edits or drafts of materials, charts, illustrative
documents, exhibits, or reports prepared by an Expert, persons working under his/her
supervision, parties to this litigation or their counsel working in connection with the Expert;
and
        b.      all written or oral communications between the Expert and any Party or
for a Party on whose behalf the Expert was engaged, except to the limited extent that an
Expert expressly relies on such a communication as a matter of fact for the Expert's Expert
Report.

Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(a)(2)(B) or case law, no

information concerning Experts other than that described above shall be subject to discovery in

this action.

IT IS SO ORDERED.

Dated: _10-18-10_

                                      HONORABLE JOHN W. COLE