IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS,<br>      *Plaintiff,*<br><br>      vs.<br><br>ACCENTURE LLP; ACCENTURE LTD., and PROQUIRE, LLC,<br><br>      *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4-04 CV0000985WRW |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO UNITED STATES'
EMERGENCY MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF
JOINT MOTION FOR AN EXTENSION OF THE DISCOVERY SCHEDULE AND
CROSS-MOTION FOR RECONSIDERATION OF JOINT MOTION FOR AN
<u>EXTENSION OF THE DISCOVERY SCHEDULE AND TRIAL DATE</u>**

Defendants hereby oppose the United States' Emergency Motion For Clarification And/Or Reconsideration Of Joint Motion For An Extension Of The Discovery Schedule ("the United States' Extension Motion") and hereby cross-move for reconsideration of the Joint Motion For An Extension Of The Discovery Schedule And Trial Date.

<u>DISCUSSION</u>

On November 16, 2010, Defendant Accenture LLP filed its Motion For Protective Order Barring Justice Department Counsel From Insinuating That Deponents May Face Criminal Liability ("Accenture's Protective Order Motion") (filed under seal at Docket #377). This motion explains that the Justice Department, without any valid justification, unexpectedly decided to ask intimidating deposition questions of Accenture employees suggesting that they may have committed – and may face liability for – federal crimes, in order to gain advantage in

this civil case. Accenture's Protective Order Motion seeks to bar the Justice Department from engaging in this improper tactic.

The United States has not filed a response to Accenture's Protective Order Motion. It has stated that it intends to do so on Tuesday, November 30.

As further explained in Accenture's Protective Order Motion, the Justice Department's improper questioning triggered ethical obligations to ensure that the interests of the witnesses being questioned by the Justice Department were adequately protected. Those ethical obligations, and the resulting need for certain deponents to seek and retain additional personal counsel, has required the postponement of the depositions of certain individuals as to whom the Justice Department has warned it will ask questions suggesting that the deponent may have committed crimes.[1] These deponents are in the process of obtaining counsel to protect their interests, and new counsel will need time to become sufficiently knowledgeable about the facts to provide meaningful advice. The delay resulting from the Justice Department's improper and deliberate decision to ask deponents questions insinuating that they may have committed crimes was a foreseeable consequence.

Defendants, recognizing that the Government's actions would inevitably delay completing discovery, joined in the Joint Motion For An Extension Of The Discovery Schedule and the Trial Date ("the Joint Extension Motion") filed on November 16, 2010. The Joint Extension Motion was denied on November 17, 2010.

---

[1] The United States' Extension Motion erroneously states that "Defendant's counsel represented that the vast majority, if not all, of the remaining Accenture witnesses will be obtaining separate counsel." In fact, Defendant's counsel has stated that only the limited number of deponents that the Justice Department intends to suggest committed crimes is likely to seek personal counsel. Moreover, even if the Justice Department is prohibited from this improper line of questioning, the scare tactics used thus far may render deponents unwilling to proceed without additional counsel.

Now, the recently filed United States' Extension Motion – unlike the Joint Extension Motion – seeks to change the discovery schedule in a way that will unfairly prejudice Defendants and interfere with the just and efficient resolution of this case.  For example, the United States proposed a schedule that requires eight witnesses identified by the Government to appear for deposition by January 15, 2010 – regardless of the timing of the Court's ruling on Accenture's pending Protective Order Motion and of the time required for these witnesses to retain personal counsel.  The fact that the United States does not intend to even file its response to Accenture's Protective Order Motion until November 30, but has requested a ruling on the United States' Extension Motion this week, demonstrates that the United States is trying to turn the scheduling problem it created to its tactical advantage.

Moreover, where the schedule previously agreed to by the Government and approved by the Court required the United States to file its expert reports a month before Defendants, the United States' new proposal requires Defendants to file their expert reports simultaneously with the United States.  Additionally, because the United States' proposed schedule postpones the discovery cut-off to two days <u>after</u> the deadline for dispositive motions, Defendants' ability to file motions disposing of the United States' meritless claims will likely be impeded.  The Government does not dispute this expected burden on Accenture.  Indeed, the Government has informed Accenture that it will not oppose Accenture's seeking a two-week extension if the current schedule renders Accenture unable to file such motions, thus recognizing the likelihood of such a need.  In short, the United States, having caused the current scheduling problems through its improper tactics, now seeks to use these scheduling problems to gain an unfair advantage, both in the expert discovery schedule and in Accenture's ability to file dispositive motions.  Therefore, the United States' Extension Motion should be denied.

Defendants respectfully cross-move for an extension of the discovery schedule and trial date that will solve the scheduling problems that the United States created, without prejudicing either party. Defendants respectfully propose the following:

|  | Current Date | Accenture Proposal A |
|---|---|---|
| Plaintiffs' expert disclosures, including Reports: | December 6, 2010 | February 4, 2011 |
| Defendants' expert disclosures, including Reports: | January 7, 2011 | March 4, 2011 |
| Defendants' rebuttal expert disclosures, including Reports: | February 4, 2011 | April 4, 2011 |
| Plaintiffs' rebuttal expert disclosures, including Reports: | March 17, 2011 | May 4, 2011 |
| Discovery cutoff: | April 4, 2011 | June 3, 2011 |
| Dispositive motions cutoff: | May 2, 2011 | July 1, 2011 |
| Pre-trial Disclosure Sheets: | June 7, 2011 | August 2, 2011 |
| Objections to Pre-trial Disclosure Sheets: | June 17, 2011 | August 12, 2011 |
| Trial Date | August 23, 2011 | Approximately October 24, 2011 (as the Court's calendar permits) |

This proposal simply moves the entire schedule, including the trial date, back two months, to take into account the delay engendered by the United States' improper conduct. It maintains the structure of the Court's original scheduling order, and does not prejudice either side. We respectfully submit that this is a far better alternative than the United States' proposal,

which would force the Defendants to bear the burden of the scheduling problems that the United States caused.

In the alternative, if the Court is disinclined to move the trial date, Defendants respectfully propose the following schedule, which will maintain the current trial date:[2]

|  | Current Date | Accenture Proposal B |
|---|---|---|
| Plaintiffs' expert disclosures, including Reports: | December 6, 2010 | 5 days after depositions of 8 identified witnesses (approximately January 20, 2011) |
| Defendants' expert disclosures, including Reports: | January 7, 2011 | 30 days after plaintiffs' initial expert disclosures (approximately February 18, 2011) |
| Defendants' rebuttal expert disclosures, including Reports: | February 4, 2011 | 60 days after plaintiffs' initial expert disclosures (approximately March 21, 2011) |
| Plaintiffs' rebuttal expert disclosures, including Reports: | March 17, 2011 | 60 days after defendants' initial expert disclosures (approximately April 19, 2011) |
| Fact discovery cutoff: | April 4, 2011 | May 2, 2011 |
| Expert discovery cutoff: | April 4, 2011 | 30 days after plaintiffs' rebuttal expert disclosures (approximately May 19, 2011) |
| Dispositive motions cutoff: | May 2, 2011 | May 16, 2011 |
| Pre-trial Disclosure Sheets: | June 7, 2011 | June 7, 2011 |
| Objections to Pre-trial Disclosure Sheets: | June 17, 2011 | June 17, 2011 |

---

[2] During meet and confer sessions, the parties agreed to all dates set forth in the Defendants' Proposal B herein, except the dispositive motion deadline. Accenture proposed moving the dispositive motion deadline from May 2, 2010, to May 16, 2010, to allow the parties sufficient time after the close of discovery to prepare and file dispositive motions. The United States objected to moving the dispositive motion deadline at this time, but indicated it would not oppose a future motion by Defendants to extend the deadline by two weeks.

Defendants' proposed alternative schedule properly takes into account the pendency of Accenture's Protective Order Motion, and the need for deponents to obtain personal counsel, by omitting the United States' gratuitous and overreaching proposal that the depositions of the 8 individuals it has identified take place by January 15. Defendants' alternative proposal provides that the parties will endeavor in good faith to complete these depositions by January 15 and alters the deadlines for expert reports based on when those depositions are actually completed. It maintains the spacing of these expert reports as provided in this Court's current scheduling order. The proposal also makes the deadline for dispositive motions two weeks after the deadline for fact discovery, which allows such motions to be filed after the close of fact discovery – unlike the Government's inequitable proposal. This alternative proposal also avoids prejudice to either party, rather than forcing the Defendants to bear the whole weight of the problems created by the Government's decision to pursue an improper and unjustified line of questioning.

## CONCLUSION

For the foregoing reasons, the Government's Emergency Motion For Clarification And/Or Reconsideration Of Joint Motion For An Extension Of The Discovery Schedule should be denied, and Defendants' Cross-Motion For Reconsideration Of The Joint Motion For An Extension Of The Discovery Schedule And Trial Date should be granted.

Dated:  November 24, 2010	Respectfully submitted,

By: */s/ Lyn P. Pruitt*

Of Counsel:	Lyn P. Pruitt
J. Andrew Jackson (admitted *pro hac vice*)	Ark. Bar No. 84121
*jacksona@dicksteinshapiro.com*
Dickstein Shapiro LLP	Mitchell, Williams, Selig, Gates
1825 Eye St. NW	  & Woodyard, P.L.L.C.
Washington DC, 20006	425 West Capitol Ave., Suite 1800
Tel:  (202) 420-2200	Little Rock, Arkansas  72201
Fax:  (202) 420-2201	(501) 688-8800
	*lpruitt@mwsgw.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Jacquetta F. Bardacos**
jbardacos@packard.com

**Michael Bierman**
mbierman@luce.com
tdelpomar@luce.com

**Stephen C. Engstrom**
stephen@wecc-law.com
marilyn@wecc-law.com

**Philip J. Favro**
pfavro@packard.com

**Craig H. Johnson**
cjohnson@packard.com

**Brian R. Young**
brian.young4@usdoj.gov

**Linda McMahon**
linda.mcmahon2@usdoj.gov

**Jeehae Jennifer Koh**
jennifer.koh@usdoj.gov

**Lon D. Packard**
lpackard@packard.com

**Von G. Packard**
vpackard@packard.com
jsimmons@packard.com

**Jenelle M. Beavers**
jenelle.beavers@usdoj.gov

**Jordan L. Strauss**
jordan.strauss@usdoj.gov

**Jeffrey Wexler**
jwexler@luce.com
tdelpomar@luce.com

**Donald J. Williamson**
don.williamson@usdoj.gov

**Daniel W Packard**
dpackard@packard.com

**Shannon S. Smith**
Shannon.Smith@usdoj.gov
Paulette.Chappelle@usdoj.gov
Maria.Altadonna@usdoj.gov

**David M. Nadler**
nadlerd@dicksteinshapiro.com

**Shirley Guntharp Jones**
shirley@wecc-law.com
lorraine@wecc-law.com

**Ronald D. Packard**
rdpackard@packard.com

*/s/ Lyn P. Pruitt*
Lyn P. Pruitt