IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS,<br><br>*Plaintiff*,<br><br>vs.<br><br>ACCENTURE LLP, ACCENTURE LTD., and PROQUIRE, LLC,<br><br>*Defendants*. | Case No. 4-04 CV0000985BRW |

**MEMORANDUM IN SUPPORT OF ACCENTURE'S MOTION TO COMPEL THE DEPARTMENT OF JUSTICE TO PRODUCE DOCUMENTS FROM RELATED CASES PERTAINING TO PAYMENTS MADE BY HEWLETT-PACKARD AND EMC CORP.**

Accenture respectfully submits this Memorandum in support of its motion to compel the Department of Justice ("DOJ") to produce documents from related cases pertaining to Hewlett-Packard ("HP") and EMC Corp. ("EMC"). The DOJ has alleged in this suit that HP and EMC made system integrator compensation ("SI compensation") payments to Accenture, which it alleges were illegal. HP and EMC were the defendants in related *qui tam* cases, brought by the same Relators, in which the DOJ alleged that HP and EMC made allegedly illegal SI compensation payments to Accenture and other companies. Yet the DOJ has refused to produce relevant and responsive documents from the related HP and EMC cases pertaining to such payments. These documents are important to rebut the DOJ's assertion of liability and damages for SI compensation payments, and are needed for upcoming expert reports and testimony

relating to these issues. The DOJ indisputably has these documents in its possession, but has failed to produce all but a tiny fraction of documents relating to HP and EMC. This Court should order the DOJ to produce the requested documents.

## BACKGROUND

The Related *Qui Tam* Cases

The present suit is a *qui tam* action brought by Relators Norman Rille and Neal Roberts against Accenture. The DOJ intervened in 2007. In this suit, the DOJ alleges, *inter alia*, that product vendors made SI compensation payments to Accenture, which the DOJ contends were illegal – including payments from HP and EMC to Accenture.

The same Relators also brought a similar *qui tam* suit in this Court, *United States ex rel. Rille and Roberts v. Hewlett-Packard Co.*, 4:04-cv-00989BRW, in which the DOJ also intervened. That suit originally named both HP and Accenture as defendants. In that suit, the DOJ claimed that HP made allegedly illegal SI compensation (or "Alliance Benefit") payments totaling over $3 million to Accenture and other companies, including almost $1 million in payments from HP to Accenture. HP settled that suit, pursuant to a settlement agreement in which the parties allocated $9 million to resolve the claims relating to these Alliance Benefit payments made by HP.

The same Relators brought yet another *qui tam* suit against EMC, in which the DOJ also intervened, *United States ex rel. Rille and Roberts v. EMC Corp.*, 1:09-cv-00628 (E.D. Va.). In that suit, DOJ claimed that allegedly illegal SI compensation (or "Alliance Benefit") payments were made by EMC to Accenture and other companies. EMC settled that suit with the Government. The DOJ stated in a public filing that the United States allocated $9.375 million from the EMC settlement to its SI compensation claims.

Accordingly, as a result of the HP and EMC settlements, the United States has already been compensated for SI Compensation claims it is asserting against Accenture in this suit.

Accenture's Requests for Documents From the Related Cases

Accenture propounded its First Set of Document Requests on August 21, 2008. Documents in the Government's possession relating to HP and EMC, including those from the related cases, are responsive to several of these document requests:

> 3. Produce any and all documents concerning any allegation in the Complaint or the Complaint in Intervention.
>
> 6. Produce any and all Documents concerning Alliances or Alliance Agreements to which You contend Defendants were parties and/or that You contend resulted in damages and/or violations of law for which the Government seeks to recover in this case, including, but not limited to, draft and final Alliance Agreements, Documents related to Alliance policies and practices, communications between prospective or actual Alliance partners, and documents evidencing, constituting, or concerning alleged kickbacks between Alliance partners.
>
> 7. Produce any and all Documents concerning Accenture or its Alliances, Alliance Agreements, or Alliance Partners that You have obtained or gathered from any Person not a party to this case.
>
> 11. Produce any and all Documents concerning the Government's knowledge, understanding, awareness, analysis, guidance, directives, policies, or opinions regarding SI Compensation, including SI Compensation allegedly solicited by and/or provided to Systems Integration Consultants and/or Technology Vendors.
>
> 12. Produce any and all Documents evidencing, constituting, or concerning alleged kickbacks solicited by and/or provided to Systems Integration Consultants and/or Technology Vendors, including Defendants.

Nevertheless, the Government failed to produce all but a tiny fraction of responsive documents relating to HP and EMC.[1]

---

[1] In October 2009, DOJ produced to Accenture approximately 100 documents from HP that were apparently collected pursuant to a subpoena to HP from the Department of Energy. In October 2010, DOJ produced another 160 documents apparently collected pursuant to this subpoena.

On October 8, 2009, Accenture wrote to DOJ and requested production of responsive documents from related cases, including the cases against HP and EMC.[2] The Government failed to produce these documents. On December 9, 2009, Accenture again wrote to DOJ requesting the production of these responsive documents.[3] A meet and confer followed in January 2010, at which DOJ again refused to produce these documents.

Finally, on November 3, 2010, Accenture wrote to DOJ and again requested documents from the related cases pertaining to HP and EMC.[4] DOJ still refuses to produce such documents.

## ARGUMENT

**I.  Accenture Is Entitled To The Production Of Documents From The Related Cases Pertaining To HP And EMC**

Accenture is entitled to the production of responsive documents pertaining to HP and EMC from the related cases because the documents are relevant to the claims and defenses in this case. Generally, "parties may obtain discovery regarding any matter, not privileged, so long as it is 'relevant to the subject matter involved in the pending action.'" *Keaton v. Prop. & Cas. Ins. Co. of Hartford*, No. 4:07-CV-634-BSM, 2008 WL 2519790, at *1 (E.D. Ark. June 20, 2008).

> The phrase "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, an issue that is or may be in the case. The scope of discovery is not limited to the issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is the scope of discovery limited to the merits of a case, for a

---

[2] *See* Letter from J. Andrew Jackson and Jason D. Wallach to Donald Williamson and Linda M. McMahon dated October 8, 2009, attached hereto as Exhibit A.

[3] *See* Letter from J. Andrew Jackson and Jason D. Wallach to Donald Williamson and Linda M. McMahon dated December 9, 2009, attached hereto as Exhibit B.

[4] *See* Letter from J. Andrew Jackson to Donald Williamson and Linda M. McMahon dated November 3, 2010, attached hereto as Exhibit C.

>   variety of fact-oriented issues may arise during litigation that are
>   not related to the merits.

*Id.* (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

Plaintiff alleges in this case that HP and EMC made SI compensation payments to Accenture and that such payments were illegal. The Government possesses documents relating to payments made by HP and EMC to various companies, including Accenture, from the related cases against HP and EMC.[5] Such documents are responsive to Accenture's document requests, and are plainly relevant to Plaintiff's claims herein. Therefore, such documents should be produced.

In addition to their relevance to Plaintiff's affirmative claims, the responsive documents are also relevant to Accenture's defenses. For example, the HP and EMC documents showing SI compensation payments to companies other than Accenture demonstrate that the payment of SI compensation was a well-accepted practice in the industry – far from the sort of under-the-table commercial bribery that would constitute a "kickback," as Plaintiff contends. The documents showing that SI compensation was a well-accepted practice will also tend to demonstrate that a company engaging in the practice was not knowingly violating the law. Such documents will also show that the Government was aware during the relevant time period of the industry practice of paying SI compensation, which the Government did not object to at the time but now contends in hindsight was illegal.

Moreover, some of Plaintiff's claims against HP and EMC in the related cases appear to be identical to Plaintiff's claims in this case, seeking damages for the same payments from HP

---

[5] For example, in the DOJ complaint filed in 2007 against HP, the Government identifies alleged SI compensation or "influencer fee" payments made by HP to Accenture, BearingPoint, Capgemini Ernst & Young, Electronic Data Systems (EDS), GTSI, Northrop Grumman, Science Application International Corp. (SAIC), and Unisys, in connection with "favorable treatment and influence for HP on Government Contracts." In DOJ's most recent complaint filed in 2009 against EMC, DOJ identified allegedly improper payments by EMC to Accenture, Unisys and/or ECS Technology Inc., and NGIT.

5

and EMC to Accenture. HP and EMC have settled these claims, giving rise to a possible set-off in this case, should Accenture be found liable. Therefore, the documents Accenture seeks from the related cases are relevant to this issue as well.

DOJ has not articulated any valid basis for refusing to produce the requested documents. DOJ has chosen to produce a small fraction of the HP documents, but has refused to produce others. This Court should compel DOJ to produce all responsive HP and EMC documents in its possession, custody or control, including all documents relating to any "Alliance Benefit" or "SI compensation" payments by Hewlett-Packard and EMC Corp. to any other company.

## CONCLUSION

For the foregoing reasons, Accenture's motion should be granted.

Dated: January 24, 2011                                      Respectfully submitted,


                                                             By: /s/ Lyn P. Pruitt
                                                                 Lyn P. Pruitt
                                                                 Ark. Bar No. 84121

Of Counsel:                                                  Mitchell, Williams, Selig, Gates
J. Andrew Jackson (admitted *pro hac vice*)                    & Woodyard, P.L.L.C.
*jacksona@dicksteinshapiro.com*                              425 West Capitol Ave., Suite 1800
                                                             Little Rock, Arkansas 72201
Dickstein Shapiro LLP                                        (501) 688-8800
1825 Eye St. NW                                              *lpruitt@mwsgw.com*
Washington DC, 20006
Tel: (202) 420-2200
Fax: (202) 420-2201

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| **Jacquetta F. Bardacos** <br> jbardacos@packard.com | **Jenelle M. Beavers** <br> jenelle.beavers@usdoj.gov |
| **Michael Bierman** <br> mbierman@luce.com <br> tdelpomar@luce.com | **Jordan L. Strauss** <br> jordan.strauss@usdoj.gov |
| **Stephen C. Engstrom** <br> stephen@wecc-law.com <br> marilyn@wecc-law.com | **Jeffrey Wexler** <br> jwexler@luce.com <br> tdelpomar@luce.com |
| **Philip J. Favro** <br> pfavro@packard.com | **Donald J. Williamson** <br> don.williamson@usdoj.gov |
| **Craig H. Johnson** <br> cjohnson@packard.com | **Daniel W Packard** <br> dpackard@packard.com |
| **Brian R. Young** <br> brian.young4@usdoj.gov | **Shannon S. Smith** <br> Shannon.Smith@usdoj.gov <br> Paulette.Chappelle@usdoj.gov |
| **Linda McMahon** <br> linda.mcmahon2@usdoj.gov | Maria.Altadonna@usdoj.gov |
| **Jeehae Jennifer Koh** <br> jennifer.koh@usdoj.gov | **David M. Nadler** <br> nadlerd@dicksteinshapiro.com |
| **Lon D. Packard** <br> lpackard@packard.com | **Shirley Guntharp Jones** <br> shirley@wecc-law.com <br> lorraine@wecc-law.com |
| **Von G. Packard** <br> vpackard@packard.com <br> jsimmons@packard.com | **Ronald D. Packard** <br> rdpackard@packard.com |

And by United States Mail this same date to:

The Honorable John W. Cole
311 West Sunset Drive
Sheridan, AR 72150

                                          /s/ Lyn P. Pruitt
                                          Lyn P. Pruitt