IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. NORMAN RILLE AND NEAL ROBERTS,<br><br>PLAINTIFF,<br><br>v.<br><br>ACCENTURE, LLP, an Illinois Limited Liability Partnership, *et al*.,<br><br>DEFENDANTS. | Civil Action 4:04-CV-00985 BRW |

**UNITED STATES' OPPOSITION TO ACCENTURE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUEST 13 OF ACCENTURE'S SECOND SET OF DOCUMENT REQUESTS**

The United States, through its undersigned counsel, submits this Opposition To Accenture's Motion To Compel Production of Documents Responsive To Request 13 of Accenture's Second Set of Document Requests (Accenture Motion). The Accenture Motion is without basis. The United States has already conducted a reasonable and comprehensive search at each of the federal government agencies whose contracts are involved in this matter for documents responsive to Accenture's requests. These documents have been produced to Accenture long ago. To date, the United States has searched for, gathered, processed and produced over 1.6 million documents. The United States believes it has properly produced the documents responsive to request 13 from Accenture's Second Set of Document Requests. The Accenture Motion should be denied.

## I. Introduction

Accenture's motion seeks the production of documents pertaining to "the benefits, value or savings earned, received or recognized by the Government resulting from Accenture's performance on each contract identified in the Complaint in Intervention or for which you assert a claim in this lawsuit." Accenture raises concern first that the United States has only searched the "contract files" at each of the relevant agencies and thereby searched too narrowly. Accenture Memorandum at 2-3. Accenture also raises a new issue with respect to Clinger-Cohen Act documents that might exist at each of the relevant agencies that it suggests are both responsive and unproduced. Accenture Memorandum at 3.

## II. The United States has reasonably and broadly searched for and produced documents pertaining to benefits, value and savings resulting from Accenture's Performance

Contrary to the assertions in the Accenture Motion, the United States has not limited its searches for responsive documents to the "contract files" at each of the relevant agencies. Rather, as has been explained on numerous occasions to Accenture Counsel, the United States has conducted a reasonable search at each relevant agency for documents that pertain to the contract and/or activities carried out under the contract. These searches have included all offices that might reasonably contain relevant and responsive documents, including, where applicable, but not necessarily limited to, procurement offices, financial offices, audit offices, technical offices, offices of the Chief Information Officers, and the offices of those whose programs were in some way involved in activity under the contract. In short, the United States spoke with knowledgeable government personnel and took a broad and reasonable approach to identifying

the places and offices where documents responsive to request 13, as well as Accenture's other document requests, might be located, searched those locations and produced relevant and responsive documents in hard copy and electronic form.[1]

## III. The Clinger-Cohen Act Documents have Either Been Produced, Do Not Exist, or are Not Responsive

On January 11, 2011, for the first time, Accenture raised a new issue with respect to documents that might pertain to value under its contract activities. It suggested that the United States had an obligation to search for and produce Clinger-Cohen Act certification documents pertaining to the agencies at issue in this case. At the hearing on January 27, 2011, the United States indicated that it was still looking into this issue. Thus far, the United States has determined that several relevant agencies did not participate in any Clinger-Cohen Act activities. Several other relevant agencies participated in such Clinger-Cohen Act activities but not with respect to the contracts or Accenture's activity in this case. Lastly, the United States has determined that some agencies, such as DLA and Education, issued Clinger-Cohen Act certifications with respect to the overall programs of which the Accenture contract was a *part but not with respect to the Accenture contract* or the *Accenture contract activities*. Accordingly, these activities and these documents are not responsive to Request 13.[2] Nevertheless, the United States has undertaken to search for and determine whether any Clinger-Cohen Act documents exist that are responsive that have not already been produced. As discussed at the hearing on January 27, 2011, it will do so by the next scheduled hearing.

[1] It is odd that Accenture claims only a handful of documents on value have been produced. The United States has produced thousands of documents at each agency showing the negotiation of cost and price under contracts and the amounts paid therefore. Surely Accenture would acknowledge this is one measure of value.

[2] The United States notes that many, if not all, of the Clinger-Cohen Act documents are available on public databases. For example, documents from the Department of the Interior are available on the World Wide Web.

## CONCLUSION

For the reasons set forth above, Accenture's Motion should be denied. The United States has already conducted a broad and reasonable search at the relevant agencies for responsive documents in this matter. If a reasonable inquiry of Clinger-Cohen Act activities at each agency establishes that responsive documents exist that have not been produced or are not publically available, the United States will notify Accenture and seasonably supplement its production.

| | |
|---|---|
| Dated: February 1, 2011 | For the United States of America,<br><br>TONY WEST<br>ASSISTANT ATTORNEY GENERAL<br><br>/s/ Donald J. Williamson<br>Joyce R. Branda<br>Pat Davis<br>Donald J. Williamson<br>Linda M. McMahon<br>J. Jennifer Koh<br>Jenelle M. Beavers<br>Greg Pearson<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, DC 20044<br>Phone: (202) 514-1511<br>Fax: (202) 305-7797<br><br>CHRISTOPHER R. THYER<br>UNITED STATES ATTORNEY<br>Shannon Smith<br>Assistant U.S. Attorney<br>Metropolitan Tower<br>Building, Ste. 500<br>Little Rock, AR 72201<br>Phone: (501) 340-2628<br>Fax: (501) 340-2730 |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on this 1st day of February, 2011:

**Lyn Peeples Pruitt** lpruitt@mwlaw.com, bhopper@mwlaw.com

**Anton Leo Janik**, Jr ajanik@mwlaw.com, lbrecht@mwlaw.com

**J. Andrew Jackson** Jacksona@dicksteinshapiro.com

**Jason D. Wallach** wallachJ@dicksteinshapiro.com

**Justin A. Chiarodo** Chiarodoj@dicksteinshapiro.com

**David M. Nadler** nadlerd@dicksteinshapiro.com

**Jacquetta F. Bardacos** jbardacos@packard.com

**Stephen C. Engstrom** stephen@wecc-law.com,marilyn@wecc-law.com

**Shirley Guntharp Jones** shirley@wecc-law.com,amber@wecc-law.com

**Daniel W Packard** dpackard@packard.com

**Von G. Packard** vpackard@packard.com,jsimmons@packard.com

/s/ *Jenelle M. Beavers*
Jenelle M. Beavers