IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS,<br><br>    *Plaintiff*,<br><br>    vs.<br><br>ACCENTURE LLP, ACCENTURE LTD., and PROQUIRE, LLC,<br><br>    *Defendants*. | Case No. 4:04-cv-00985-BRW |

**REPLY MEMORANDUM IN SUPPORT OF ACCENTURE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO <u>REQUEST 13 OF ACCENTURE'S SECOND SET OF DOCUMENT REQUESTS</u>**

Accenture respectfully submits this Reply Memorandum in support of its motion to compel production of documents responsive to Request 13 of Accenture's Second Set of Document Requests. The Government's Opposition brief, while claiming that the Government will produce "responsive" documents, purports to redefine and narrow what is responsive to Request 13, in an attempt to avoid producing a myriad of relevant documents and justify the Government's inadequate search for responsive documents. Accenture opposes the Government's attempt to redefine the scope of Request 13, which distorts the plain language of Accenture's document request. Moreover, contrary to the Government's suggestion, Accenture does not concur with the Government's plan to produce responsive documents in late February;

these documents are needed immediately, and were requested over 19 months ago, so there is no justification for further delay.

Because the requested documents are needed for expert reports which are due soon under the Court's scheduling order, Defendants respectfully request that the Court resolve this motion prior to the February 28 hearing date.

## ARGUMENT

### I. Accenture Is Entitled To Documents Responsive To Request 13

Request 13 sought "the benefits, value or savings earned, received or recognized by the Government resulting from Accenture's performance on each contract identified in the Complaint in Intervention or for which you assert a claim in this lawsuit." These documents allow Accenture to demonstrate the value the Government earned and retained as a result of Accenture's work, a key component of a False Claims Act damages calculation. In support of its Motion, Accenture identified certain Government documents which purported to calculate the value of Accenture's engagements. For example, the Government estimated that the DLA- BSM project to have a future discounted return of over $1.2 billion, on an incremental investment of $11.4 million. (Exhibit D to Motion to Compel at 15-16). Accenture also sought more qualitative measurements of value, such as the document generated by the Department of Education describing the benefits of Accenture's implemented Electronic Verification Certification solution by noting that, without the system, "[a]pproximately 4,000 transaction errors will continue to occur each month," overburdening Department offices that must attempt to research and manually correct the enormous number of errors. (Exhibit F to Motion to Compel at 2.)

While asserting that it will produce documents responsive to Request 13, the Government contends that the specific documents that Accenture has identified as responsive – those which

were federally mandated to monitor the value and expected return on investment for Accenture's contracts – are somehow not responsive to Accenture's document requests. Opposition at 3. ("Accordingly, these [Clinger-Cohen analyses] and documents are not responsive to Request 13.)" As discussed below, the Government's contention is without merit. The Government must be compelled to produce all documents that demonstrate the value of Accenture's performance, as called for by Request 13 – not only the narrow set of documents that the Government wishes to produce.

### A.   Clinger Cohen Certifications And Analyses, And Similar Documents, Are Responsive To Request 13

The Government claims that documents that assess the value of one of Accenture's engagements, but do not identify Accenture or Accenture's role, are not responsive to Request 13. Id. This is untrue. Whether or not the Government specifically identified Accenture's role in bringing value to the contract is not the gravamen of the request. The issue is the Government's recognition of the benefits, values or savings earned as a result of Accenture's performance, not whether the Government sought to measure Accenture's performance specifically in that document. All documents which measure the value of the contracts at issue are responsive to this request.

### B.   The Government's Previous Searches Cannot Be Reasonable If They Did Not Produce Documents That Identified Value.

The Government claims that it has done a reasonable search for documents responsive to this request. This is not true. First, the Government's assertion that it told Accenture that it searched beyond the contract files is not true because Accenture did not receive any response to the three letters it sent the Government regarding the Government's failure to produce responsive documents. Second, the Government's search for responsive documents could not have been reasonable because it excluded the responsive documents described above – documents which

explicitly analyze, certify and otherwise acknowledge the value the Government received as a result of the contracts at issue in this case. Had the Government responded to any of Accenture's three letters regarding the insufficient production, Accenture could have resolved this issue earlier. The Government, having created this problem so late in the discovery period, cannot avoid its obligations by reference to its earlier, insufficient searches.

## II. Accenture Is Entitled To Documents Responsive To Request 13 Now

Accenture was entitled to documents responsive to Request 13 over a year ago. Not only did the Government not produce the documents, it did not answer Accenture's three letters seeking production of the documents. Now the Government asserts, for the first time, that some responsive documents – which the Government fails to identify – may be available somewhere on the "World Wide Web." (Opposition at 3). This pronouncement does not come close to satisfying the Government's discovery obligations under the Federal Rules of Civil Procedure.

Given the upcoming expert deadlines, Accenture should not have to wait any longer for the Government to comply with its discovery obligations. Responsive documents should be produced forthwith.

## CONCLUSION

For the foregoing reasons, Accenture's motion should be granted.

Dated:  February 14, 2011

Of Counsel:

J. Andrew Jackson (admitted *pro hac vice*)
*jacksona@dicksteinshapiro.com*
David M. Nadler (admitted *pro hac vice*)
*nadlerd@dicksteinshapiro.com*

Dickstein Shapiro LLP
1825 Eye St. NW
Washington DC, 20006
Tel:  (202) 420-2200
Fax:  (202) 420-2201

Respectfully submitted,

By:  /s/ Lyn P. Pruitt
    Lyn P. Pruitt
    Ark. Bar No. 84121

Mitchell, Williams, Selig, Gates
  & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201
(501) 688-8800
*lpruitt@mwsgw.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Jacquetta F. Bardacos**
jbardacos@packard.com

**Michael Bierman**
mbierman@luce.com
tdelpomar@luce.com

**Stephen C. Engstrom**
stephen@wecc-law.com
marilyn@wecc-law.com

**Philip J. Favro**
pfavro@packard.com

**Craig H. Johnson**
cjohnson@packard.com

**Brian R. Young**
brian.young4@usdoj.gov

**Linda McMahon**
linda.mcmahon2@usdoj.gov

**Jeehae Jennifer Koh**
jennifer.koh@usdoj.gov

**Lon D. Packard**
lpackard@packard.com

**Von G. Packard**
vpackard@packard.com
jsimmons@packard.com

**Jenelle M. Beavers**
jenelle.beavers@usdoj.gov

**Jordan L. Strauss**
jordan.strauss@usdoj.gov

**Jeffrey Wexler**
jwexler@luce.com
tdelpomar@luce.com

**Donald J. Williamson**
don.williamson@usdoj.gov

**Daniel W Packard**
dpackard@packard.com

**Shannon S. Smith**
Shannon.Smith@usdoj.gov
Paulette.Chappelle@usdoj.gov
Maria.Altadonna@usdoj.gov

**David M. Nadler**
nadlerd@dicksteinshapiro.com

**Shirley Guntharp Jones**
shirley@wecc-law.com
lorraine@wecc-law.com

**Ronald D. Packard**
rdpackard@packard.com

And by United States Mail this same date to:

The Honorable John W. Cole
311 West Sunset Drive
Sheridan, AR 72150

                                            /s/ Lyn P. Pruitt
                                            Lyn P. Pruitt

DSMDB-2884196v1