IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br> *ex rel.* NORMAN RILLE AND NEAL ROBERTS, <br><br> PLAINTIFF, <br><br> v. <br><br> ACCENTURE, LLP, an Illinois Limited Liability Partnership, *et al.*, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> )  Civil Action 4:04-CV-00985 BRW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER
LIMITING THE SCOPE OF DEPARTMENT OF INTERIOR'S AND
U.S. TRANSPORTATION COMMAND'S 30(B)(6) DEPOSITIONS**

Pursuant to Rules 26(c) and 30(d)(3) of the Federal Rules of Civil Procedure and Local Rule 7.2, the United States respectfully moves this Court for a protective order limiting the scope of the Department of Interior 30(b)(6) and U.S. Transportation Command 30(b)(6) depositions by striking the first three topics in each notice which request testimony regarding topics that are merely Accenture's contention interrogatories rephrased and which the United States has already responded.

Counsel for the United States has conferred in good faith with counsel for the Plaintiffs regarding the specific issue presented in this motion and was unable to resolve the disagreement without the intervention of this Court.

Defendant Accenture has requested testimony of these two agencies pursuant to Rule 30(b)(6). However, in their list of topics to be addressed, the first three, which are nearly

identical in both notices, are essentially the same contention interrogatories Accenture has already served on the United States and to which the United States has responded. Further, these topics, each which go to specific allegations in the United States' Complaint in Intervention and the basis of these allegations, seek information already discovered, potentially privileged and a road map to the Government's position to be presented at trial. This Court has broad powers under Rule 26(c) and 30(d)(3) to protect deponents from "annoyance, embarrassment, oppression or undue burden or expense." As explained in the accompanying Memorandum (and Exhibits thereto) in support of this Motion, this Court should issue a protective order pursuant to Rules 26(c) and 30(d)(3) limiting Defendant Accenture's topics to be addressed in the depositions of the Department of the Interior and U.S. Transcom.

| | |
|---|---|
| Dated: February 14, 2011 | For the United States of America,<br><br>TONY WEST<br>ASSISTANT ATTORNEY GENERAL<br><br>/s/ J. Jennifer Koh<br>Joyce R. Branda<br>Pat Davis<br>Donald J. Williamson<br>Linda M. McMahon<br>J. Jennifer Koh<br>Jenelle M. Beavers<br>Greg Pearson<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, DC  20044<br>Phone:  (202) 514-1511<br>Fax:  (202) 305-7797<br><br>CHRISTOPHER R. THYER<br>UNITED STATES ATTORNEY<br>Shannon Smith<br>Assistant U.S. Attorney<br>Metropolitan Tower<br>Building, Ste. 500<br>Little Rock, AR 72201<br>Phone:  (501) 340-2628<br>Fax: (501) 340-2730 |

Case 4:04-cv-00985-BRW Document 444 Filed 02/14/11 Page 4 of 4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on this 14th day of February, 2011:

**Lyn Peeples Pruitt** lpruitt@mwlaw.com, bhopper@mwlaw.com

**Anton Leo Janik**, Jr ajanik@mwlaw.com, lbrecht@mwlaw.com

**J. Andrew Jackson** Jacksona@dicksteinshapiro.com

**Jason D. Wallach** wallachJ@dicksteinshapiro.com

**Justin A. Chiarodo** Chiarodoj@dicksteinshapiro.com

**David M. Nadler** nadlerd@dicksteinshapiro.com

**Jacquetta F. Bardacos** jbardacos@packard.com

**Stephen C. Engstrom** stephen@wecc-law.com,marilyn@wecc-law.com

**Shirley Guntharp Jones** shirley@wecc-law.com,amber@wecc-law.com

**Daniel W Packard** dpackard@packard.com

**Von G. Packard** vpackard@packard.com,jsimmons@packard.com

/s/ *J. Jennifer Koh*
J. Jennifer Koh