# EXHIBIT B

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

November 3, 2010

Via Email

Donald Williamson, Esquire
U.S. Department of Justice
Room 9142
601 D Street, NW
Washington, DC 20004

Linda M. McMahon, Esquire
U.S. Department of Justice
Room 9142
601 D Street, NW
Washington, DC 20004

Re:  *United States ex rel. Rille v. Accenture*, No. 4-04-CV-985 (E.D. Ark.);
     Production of GSA Schedule Documents From GSA; Direct Sales;
     Requests for Documents from Subpoenas and Related Cases

Dear Don and Linda:

We write to follow up on Don's October 4, 2010 email responding to our letter dated September 27, 2010 (and the related conference call held on October 6, 2010), and Don's related October 29, 2010 email. The Department of Justice has refused to produce from GSA files the historic GSA Schedules of SAP, Manugistics, Hewlett Packard (HP), EMC, ePlus, and the other vendors that you have or may put at issue for Resale Revenue[1] earned by Accenture.[2] In your October 4, 2010 email, you stated that the relevance of these documents (and, therefore, presumably your obligation to produce them) depends on Accenture's defenses. However, these GSA documents are clearly relevant to the allegations advanced by DOJ, regardless of Accenture's defenses. For example, you have alleged that Accenture was "authorized to procure products . . . from Federal Supply Schedules"[3] in connection with Accenture's DLA contracts. You also have alleged that Accenture's sales to DLA caused damages to the Government (even though Accenture's prices were at or below the GSA Schedule prices of the respective vendors). GSA Schedule prices were deemed by the Government to be fair and reasonable, and DLA, knowing that vendors' products were not on Accenture's GSA Schedule, used the vendors' GSA Schedules for price reasonableness purposes.

---

[1] As defined by DOJ's Complaint in Intervention.

[2] As far as we know, DOJ has not produced any GSA Schedules from the files of GSA for any vendor other than Accenture. We understand your discussion in your October 29 email to mean that you have produced certain copies of GSA Schedules of several vendors from the files of other agencies. The pricing data contained in GSA Schedules, that you request from Accenture in your October 29 email, exists in the GSA Schedules located in GSA's files. To the extent that copies of GSA Schedules of other vendors existed in Accenture's files, those files have been subject to a reasonable and comprehensive search for documents responsive to your document requests, relevant contract-related documents have been produced based on an agreed schedule, and others may exist in ESI, which has been searched with your search terms.

[3] DOJ Interrogatory Responses at 27. We note, however, that there are no specific allegations in DOJ's Complaint in Intervention concerning Accenture's GSA Schedule contracts.

Donald Williamson, Esquire
Linda M. McMahon, Esquire
November 3, 2010
Page 2

Should DOJ seek damages relating to products sold or leased by Accenture to the Government, any measure of damages sought by DOJ must take full account of the market value of those products. *See United States v. Bornstein*, 423 U.S. 303, 317 n.13 (1976); *United States v. Cooperative Grain & Supply Co.*, 476 F.2d 47, 61-65 (8th Cir. 1973). One measure of that value to the Government is reflected by the vendors' GSA Schedules. The vendors' GSA Schedules also prove that Accenture's prices were fair and reasonable. Accenture is entitled to prove that, notwithstanding DOJ's allegations, the Government suffered no damages from Accenture's product sales, because Accenture's prices were at or below the GSA Schedule prices of the respective vendors.

To prove this, we are entitled to production of the historic GSA Schedules of the vendors whose products you have put at issue. We request this information for SAP, Manugistics, HP, EMC, ePlus and any other vendors for whom you contend that Accenture earned improper Resale Revenue in connection with GSA Schedules. For example, if you contend that Accenture's resale relating to the BPC products lease caused damages to the Government, we are entitled to this discovery for those vendors whose products were provided to DLA through the lease, including Sun, Compaq, Cisco and others.[4] If you are not asserting or have dropped any contention of improper Resale Revenue with respect to any of these or other vendors, please let us know and we will reassess our request.

During our call on October 6, you stated that it would be too burdensome for the DOJ to search for and produce this information because of the large volumes of data maintained at GSA for these vendors. We are willing to narrow our request to one representative example of each GSA Schedule of each vendor that DOJ maintains is at issue, for each year during the applicable time period.[5] Please let us know by November 8, 2010, whether and when you will produce these documents.

---

[4] *See* DOJ Interrogatory Responses at 27. We note, however, that there is no specific allegation in DOJ's Complaint in Intervention concerning the DLA Business Production Center, the BPC delivery order numbers or the related lease.

[5] From the applicable time period of January 1, 1997 through December 31, 2006.

Donald Williamson, Esquire
Linda M. McMahon, Esquire
November 3, 2010
Page 3

Government Documents Concerning Direct Sales and Government Purchases

In our September 27 letter we also requested the production of all documents at GSA and the Department of Defense concerning all direct sales by SAP, Manugistics, HP and EMC to the Government during the applicable time period. You stated in your October 4 email that GSA does not maintain records of those sales. You stated in your October 29, 2010 email that "government agencies, including the GSA, are not provided with sales information of the vendors as you requested." The Department of Defense, however, does have records of its purchases from SAP, Manugistics, HP and EMC, and of their products from other companies. We are entitled to this information from the Government for these vendors because you have focused on these vendors in your prosecution of this case and the related cases.

To the extent you are pursuing claims relating to these vendors, we are entitled to Government documents concerning the sales by SAP, Manugistics, HP and EMC to the Department of Defense, which maintains records on those transactions, and the purchases by DOD of products of those vendors. You stated in your October 4 email that such information would be burdensome for DOJ to produce, and that Accenture must request this information from third parties by subpoena. The relevant data, however, remains in the custody of the Government. For example, one (but not the only) repository of documents reflecting sales of software by SAP and Manugistics to the Department of Defense resides with the DOD's Enterprise Software Initiative, which has established Blanket Purchase Agreements with both of these vendors.

As we stated in our September 27 letter, Government documents reflecting sales by these vendors are relevant to Accenture's defenses because they are likely to show that Accenture's prices were lower than those of SAP and Manugistics when those vendors were selling directly to the Government. This data would tend to show that Accenture's alliances were a benefit to the Government. It may also provide a basis to establish the market value of software provided to DLA by Accenture. Please let us know by November 8, 2010, whether and when you will produce these documents.

With respect to documents relating to EMC's and HP's sales to the Government, you have already collected relevant documents reflecting these sales, in DOJ's discovery in the related cases against these vendors, and by subpoena. These documents are in the possession, custody and control of DOJ. Because you have already collected those documents from EMC and HP, and because you are now prepared to produce documents relating to EMC from the related case and we expect that you will do so with respect to HP, we request that you produce all documents from your subpoena collections and from the related cases reflecting HP and EMC sales to the Government, in addition to the other relevant documents from those cases and subpoena collections that must be produced to Accenture.

These documents are also highly relevant to the facts of this case. DLA was procuring EMC and HP equipment prior to Accenture's involvement in the BSM program or Business Production Center. For example, one document that you have only recently produced from EMC states that

Donald Williamson, Esquire
Linda M. McMahon, Esquire
November 3, 2010
Page 4

> The Accenture team was awarded the Contract for DLA'[s] Business
> Systems Modernization (BSM) program. EMC has been embedded in the
> legacy application that is being modernized for roughly 5 years and this
> Contract is to port to the app to SAP which we have been involved in
> (product installed) during the Pilot process. Prior to this contract award
> Northrop Grumman/Logicon/PRC was procuring all of the EMC equip on
> behalf of DLA. As of now DLA is still procuring EMC technology
> through Northrop Grumman/Logicon/PRC for the legacy environment.

Regardless of whether DLA was procuring EMC and HP equipment directly from those vendors or through other intermediaries such as "Northrop Grumman/Logicon/PRC," Accenture is entitled to the documents reflecting those sales and purchases by DLA. They reflect the fact that regardless of DOJ's allegations against Accenture, DLA would have continued to procure EMC and HP equipment whether through Accenture or another vendor. They may also provide a basis to establish the market value of equipment provided to DLA by Accenture. Please let us know by November 8, 2010, whether and when you will produce these documents.

<u>HP and EMC Documents Collected by Subpoena</u>

We would like to bring to your attention that you appear not to have produced documents from HP that you previously collected from HP via subpoena. In October 2009, you produced to Accenture approximately one hundred documents from HP that were apparently collected pursuant to a subpoena to HP from the Department of Energy. The bates numbers run from HP_DOE0001504 to HP_DOE00099355, but the production to Accenture was incomplete. Last month you produced another 160 documents collected pursuant to this subpoena, but the production to Accenture still appears to be incomplete. These documents are responsive to Accenture's original document requests from more than two years ago.

Please produce all of the relevant documents collected from HP by subpoena without delay. These relevant documents would include, at minimum, all those relating to Accenture, all those relating to the Defense Logistics Agency, all those relating to HP's direct sales to the Government (including DLA, DOD or other agencies), and all those relating to HP's Alliances and "Payments of Alliance Benefits" pursuant to those Alliances (as defined by the Complaint in Intervention of the United States in 4:04-cv-00989, which named Hewlett Packard and Accenture LLP as defendants).

If you have such documents collected from EMC by subpoena, relating to Accenture, EMC's direct sales to the Government (including DLA, DOD, AAFES or other agencies), or relating to EMC's Alliances and "Payments of Alliance Benefits" pursuant to those Alliances (as defined by the related Complaint in Intervention of the United States against EMC), please also produce those relevant documents. Please let us know by November 8, 2010, whether and when you will produce these documents relating to HP and EMC.

Donald Williamson, Esquire
Linda M. McMahon, Esquire
November 3, 2010
Page 5

### EMC, HP and Government Documents Collected in the Related Cases

We have previously, more than a year ago, specifically requested production of documents that were produced in the related cases, and you declined to provide those documents, until you last month indicated you are prepared to produce a limited subset of certain documents from the EMC litigation in the Eastern District of Virginia (1:09-cv-00628), presumably because a limited production is now to DOJ's advantage and excludes documents that may benefit Accenture's case. The documents to be produced are responsive to Accenture's original August 2008 document requests and Accenture has been prejudiced by your two year delay in producing these documents.

Please produce all documents from the EMC litigation in the Eastern District of Virginia relating to (1) Accenture, (2) DLA, AAFES, IRS or the Army ITEC program; (3) EMC's direct sales to the Government (including DLA, DOD, AAFES and other agencies), and (4) EMC's Alliances and "Payments of Alliance Benefits" pursuant to those Alliances (as defined by the Complaint in Intervention of the United States against EMC). These documents would include documents produced by either EMC or the Government. These documents are all relevant to the allegations against Accenture and are in the possession, custody and control of DOJ.

Please also produce the relevant documents collected during your litigation with HP in the related case filed in the Eastern District of Arkansas. These documents are also in the possession, custody and control of DOJ. These relevant documents would include, at minimum, all those relating to (1) Accenture, (2) DLA, the Army ITEC program or the Department of State, (3) HP's direct sales to the Government (including HP's direct sales to DLA and DOD), and (4) HP's Alliances and "Payments of Alliance Benefits" pursuant to those Alliances (as defined by the Complaint in Intervention of the United States in 4:04-cv-00989, which named both Hewlett Packard and Accenture LLP as defendants). These would include documents produced by either HP or the Government. Please produce these relevant documents without further delay.

We have requested this information on many previous occasions and presented numerous justifications for the relevancy of these documents. On October 8, 2009, we presented a basis for discovery of these documents and wrote in a letter to you:

> information concerning alliance agreements of these companies, and information on allegedly improper payments identified by the government or the relators in these and other complaints, is relevant to Accenture's defenses. Documents in the Government's possession concerning these allegations against other companies are responsive to Accenture's August 2008 document requests, and have been withheld for more than one year.

On December 9, 2009, we wrote to you that:

> Our October 8, 2009 letter presents the basis for our request concerning other System Integrators. The government has responded to Accenture's August 2008 document requests by producing government contract files

Donald Williamson, Esquire
Linda M. McMahon, Esquire
November 3, 2010
Page 6

and no other government documents. Accenture is entitled to documents concerning the government's knowledge of the practices identified in the Complaint in Intervention, regardless as to which systems integrator or contracts those practices relate, and to documents concerning different alliance practices by other Systems Integration Consultants and Technology Vendors.

Accenture is entitled to documents relating to the other cases in which the government or the relators have made accusations against other Systems Integration Consultants and Technology Vendors, similar to the allegations made against Accenture. Information concerning alliance agreements of these companies, and information on allegedly improper payments identified by the government or the relators in their complaints, is relevant to Accenture's defenses. Documents in the government's possession concerning these allegations against other companies are responsive to Accenture's August 2008 document requests.

At a meet and confer held in January 2010 to discuss these and other issues, you stated that you would not produce documents from the related cases. Given your decision almost a year later to produce documents from the EMC case, we are entitled to all relevant documents from the HP and EMC related cases and reserve the right to seek these documents by motion.

Sincerely,

/s/ J. Andrew Jackson

J. Andrew Jackson
(202) 420-2268
jacksona@dicksteinshapiro.com

Jason Wallach
(202) 420-2668
wallachj@dicksteinshapiro.com

Joseph Berger
(202) 420-3673
bergerj@dicksteinshapiro.com

Deborah Ringel
(202) 420-3623
ringeld@dicksteinshapiro.com

Justin Chiarodo
(202) 420-2706
chiarodoj@dicksteinshapiro.com