IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA <br> *ex rel.* NORMAN RILLE AND NEAL ROBERTS, <br><br> PLAINTIFF, <br><br> v. <br><br> ACCENTURE, LLP, an Illinois Limited Liability Partnership, *et al.*, <br><br> DEFENDANTS. | Civil Action 4:04-CV-00985 BRW |

**UNITED STATES' PARTIAL OPPOSITION TO ACCENTURE'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO ORGANIZATIONAL CONFLICT OF INTEREST**

The United States, through its undersigned counsel, submits this Partial Opposition to Accenture's Motion For Partial Summary Judgment With Respect To Organizational Conflict of Interest, filed on March 28, 2011 (Accenture's Motion). For the second time in as many months, Accenture has filed a Motion for Partial Summary Judgment that does not seek summary judgment on any of the claims of the United States. In this instance, Accenture seeks partial summary judgment only with respect to "**certain designated contracts**" and only one "**issue**": (1) "whether Plaintiff's can predicate their claims under the False Claims Act ("FCA") on the alleged organizational conflicts that **should have been fully disclosed** to the Government pursuant to to 48 C.F.R. 9.500, *et seq*, as well as the terms and conditions oof Accenture's

1

contracts."[1]  Accenture Motion at page 1.

The United States does not oppose the specific relief requested by Accenture in its motion.  The United States does not intend to predicate Accenture's FCA liability on the contracts identified in the Accenture Motion on organizational conflicts of interest that should have been fully disclosed.

However, the United States opposes any assertion or suggestion made by Accenture that the explicit reference to, and incorporation thereof, in its GSA Contract of 48 C.F.R. 9.500, *et seq.,* does not "include any OCI requirement or impose any OCI restriction." [2]  Accenture Memo at 4 and 7.  To the contrary, the clause is a legal requirement that is explicitly set forth in a contract that Accenture executed and maintains to this day.  Accenture offers no authority for the proposition that it can simply "ignore" the clause out of its contracts.  If made aware of facts or situations that potentially create a conflict of interest for Accenture in the performance of its expected duties under a task order, the Contracting Officers of those agencies undoubtedly have the legal right and duty to impose restrictions on Accenture that either eliminate the potential for conflict or terminate the contract.  Accenture must avoid these situations.

The Accenture  GSA Contract explicitly sets forth the requirement to eliminate or mitigate organizational conflicts of interest.  The requirement to avoid such conflicts is set forth in the Federal Acquisition Regulations and applies throughout government contracting. 48 C.F.R. 9.500.  This requirement applies both to the contracting officer and Accenture.  The

---

[1]  Accenture's Motion does not address the organizational conflicts of interest that existed on its other contracts including its contracts with the Transportation Security Administration ("TSA"), the Department of State, and the Internal Revenue Service.

[2]  As acknowledged by Accenture, its contracts and task orders with the Defense Logistics Agency (DLA) and the Department of Education (DOEd) were issued against, and made subject to the terms and conditions of, Accenture's GSA Schedule (GS-35F-4692G).  Accenture Memorandum (Accenture Memo) at page 4 and 7; Accenture's Statement of Material Facts As To Which There Is No Genuine Issue (Accenture's Statement) at 19-20, 55.

reason is as old as the adage that no man can serve two masters. If a contractor can actually better its position or better the position of an affiliate by acting in a manner not in the government's best interests, then the government is not securing one of the benefits for which it typically contracts, *i.e.*, a contractor that will fulfill the terms and conditions of the government's contract to the best of its ability.

Accenture's GSA schedule contract establishes that an "organizational conflict of interest" exists when the nature of the work to be performed under a proposed Government contract, without some restriction on activities by the Contractor and its affiliates, may either (i) result in an unfair competitive advantage to the Contractor or its affiliates or (ii) impair the Contractor or its affiliates' objectivity in performing contract work." The paragraph then continues with how to deal with methods to avoid organizational conflicts of interest and to avoid prejudicing the best interests of the government.  OCIs are especially important in contracts where the government is relying on the objective and impartial expertise of the prime contractor to achieve certain results, either systems integration or the preparation of plans and specifications.  See 48 C.F.R. 9.505 and 9.508.  The OCI clause in Accenture's GSA Schedule contract undoubtedly sets forth a standard, to be enforced by the contracting officer with knowledge of facts or circumstances that create a potential for conflict, that conflicts of interest are not allowed on Accenture's activities under its schedule contract, as well as any orders written thereunder.

## CONCLUSION

Accordingly, Accenture's Motion should be granted as unopposed, but only to the extent of the specific relief requested in the motion. Accenture's characterization of its OCI obligations under its GSA contract, while not a part of the relief requested, should be rejected.

| | |
|---|---|
| Dated: April 21, 2011 | For the United States of America,<br><br>TONY WEST<br>ASSISTANT ATTORNEY GENERAL<br><br> /s/ Donald J. Williamson<br>Joyce R. Branda<br>Pat Davis<br>Donald J. Williamson<br>Don.williamson@usdoj.gov<br>Linda M. McMahon<br>J. Jennifer Koh<br>Jenelle M. Beavers<br>Greg Pearson<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, DC  20044<br>Phone:  (202) 514-1511<br>Fax:  (202) 305-7797<br><br>CHRISTOPHER R. THYER<br>UNITED STATES ATTORNEY<br>Shannon Smith (Bar No. 94172)<br>Assistant U.S. Attorney<br>Metropolitan Tower<br>Building, Ste. 500<br>Little Rock, AR 72201<br>Phone:  (501) 340-2628<br>Fax: (501) 340-2730 |

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on this 21st day of April, 2011:

**Lyn Peeples Pruitt** lpruitt@mwlaw.com, bhopper@mwlaw.com

**Anton Leo Janik**, Jr ajanik@mwlaw.com, lbrecht@mwlaw.com

**J. Andrew Jackson** Jacksona@dicksteinshapiro.com

**Jason D. Wallach** wallachJ@dicksteinshapiro.com

**Justin A. Chiarodo** Chiarodoj@dicksteinshapiro.com

**David M. Nadler** nadlerd@dicksteinshapiro.com

**Jacquetta F. Bardacos** jbardacos@packard.com

**Stephen C. Engstrom** stephen@wecc-law.com,marilyn@wecc-law.com

**Shirley Guntharp Jones** shirley@wecc-law.com,amber@wecc-law.com

**Daniel W Packard** dpackard@packard.com

**Stanley Gibson** SMG@JMBM.com


                                        /s/ *Donald J. Williamson*
                                        DONALD J. WILLIAMSON