IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* NORMAN RILLE AND NEAL ROBERTS, <br><br>PLAINTIFF, <br><br>v. <br><br>ACCENTURE, LLP, an Illinois Limited Liability Partnership, *et al.*, <br><br>DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action 4:04-CV-00985 BRW |

**UNITED STATES' OPPOSITION TO ACCENTURE'S MOTION TO STRIKE GOVERNMENT'S STATEMENT OF MATERIAL FACT AS TO WHICH THERE IS NO GENUINE ISSUE FILED IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States, through its undersigned counsel, submits this Opposition to Accenture's Motion to Strike Government's "Statement of Material Facts As to Which There is No Genuine Issue Filed in Opposition To Motion For Partial Summary Judgment (Accenture Motion). The Pleading that Defendants seek to strike complies with both the Local Rules of this Court as well as Federal Rule of Civil Procedure 56. Accenture's Motion should be denied.

**Brief Background**

On February 18, 2011, Accenture filed a Motion for Partial Summary Judgment on two "issues": (1) because the Truth in Negotiations Act ("TINA") purportedly "does not apply" here, Defendants assert that they cannot have violated TINA, and thus no alleged False Claims Act

1

("FCA") violation can be predicated on an alleged TINA violation in this case; and (2) because the law prohibiting contingent fees in certain circumstances purportedly "does not apply here," Defendants assert they cannot have violated this law, and thus no alleged FCA violation can be predicated on an alleged violation of this law in this case. On March 21, 2011, the United States filed a timely Opposition, setting forth why Accenture's effort to excuse its fraudulent behavior by eliminating legal requirements that it was subject to is wrong on both counts. As set forth in the United States' Opposition, both of these legal requirements were "applicable" to Accenture and its activities on federal contracts. The Opposition of the United States was supported by a Statement of Material Facts as to Which There is No Issue, likewise filed on March 21, 2011 (United States' Statement of Material Facts). The United States' Statement of Material Facts tracks the sections of Accenture's Statement of Material Facts that it filed in support of its motion for partial summary judgment. The United States' Statement of Material Facts serves two purposes: 1) it sets forth facts challenging the accuracy of some of Accenture's "factual" statements made in support of its motion[1]; and 2) it sets forth additional undisputed facts -- ignored by Accenture in its motion -- demonstrating why the relief requested by Accenture in its motion for partial summary judgment is inappropriate. This is the precise purpose of an opposing statement of facts: to demonstrate that there are indeed supported facts warranting the denial of the relief requested by the moving party under Rule 56. Fed.R.Civ.P. 56 (e)(2).[2]

## ARGUMENT

---

[1] For example, paragraph 6 of the United States' Statement of Material Facts challenges the accuracy of a statement of fact Accenture claimed to be undisputed.

[2] The fact that many of the statements set forth in the United States' Statement of Material Facts are undisputed and thus do not create an issue for trial does not mean that they cannot be used to counter Accenture's requested relief. In fact, as set forth in the United States' Opposition to Accenture's Motion for Partial Summary Judgment, the United States does not dispute many of the facts asserted by Accenture. However, the relief requested by Accenture with respect to those facts is opposed. Furthermore, Accenture's decision to omit a number of undisputed facts from its motion and statement of facts does not mean that those facts cannot be considered by the Court in determining whether to deny Accenture's prayer for relief.

Accenture seeks to strike the factual support relied upon by the United States to support its Opposition to Accenture's Motion for Partial Summary Judgment because it claims the Statement of Facts did not comply with Local Rule 56.1.

The dismissal of a party's pleading, however, should be imposed as a sanction only in "exceptional cases because in our justice system, the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Allen v. Tobacco Superstore, Inc.,* 475 F.3d 931, 936 (8th Cir. 2007) (quoting *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1020 (8th Cir. 1999) (internal quotation omitted)). Such a draconian sanction must be reserved for situations where a party exhibits "blatant disregard of the Court's orders and the discovery rules," or "[engages] in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case." *Carey,* 186 F.3d at 1022. In addition, "there is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court." *Id.* at 1020.

Here, there is absolutely no support for such a sanction with respect to the United States' Statement of Material Facts. At best, Accenture has pointed out that perhaps the United States could have named its pleading better. But a failure to use the right nomenclature in titling a pleading does not justify striking its content. The substance of the Statement of Material Facts does exactly what it is supposed to do: 1) challenges, with support, some of the factual assertions made by Accenture and claimed to be undisputed; and 2) sets forth additional facts, with support, that assist in demonstrating that Accenture is not entitled to the requested relief.

## CONCLUSION

For the reasons set forth above, Accenture's Motion to Strike should be denied. The United States' Statement of Material Facts is proper and supports its Opposition to Accenture's

3

Motion for Partial Summary Judgment.

| | |
|---|---|
| Dated: April 25, 2011 | For the United States of America,<br><br>TONY WEST<br>ASSISTANT ATTORNEY GENERAL<br><br> /s/ Donald J. Williamson<br>Joyce R. Branda<br>Pat Davis<br>Donald J. Williamson<br>Don.williamson@usdoj.gov<br>Linda M. McMahon<br>J. Jennifer Koh<br>Jenelle M. Beavers<br>Greg Pearson<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, DC  20044<br>Phone:  (202) 514-1511<br>Fax:  (202) 305-7797<br><br>CHRISTOPHER R. THYER<br>UNITED STATES ATTORNEY<br>Shannon Smith (Bar No. 94172)<br>Assistant U.S. Attorney<br>Metropolitan Tower<br>Building, Ste. 500<br>Little Rock, AR 72201<br>Phone:  (501) 340-2628<br>Fax: (501) 340-2730 |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on this 25th day of April, 2011:

**Lyn Peeples Pruitt** lpruitt@mwlaw.com, bhopper@mwlaw.com

**Anton Leo Janik**, Jr ajanik@mwlaw.com, lbrecht@mwlaw.com

**J. Andrew Jackson** Jacksona@dicksteinshapiro.com

**Jason D. Wallach** wallachJ@dicksteinshapiro.com

**Justin A. Chiarodo** Chiarodoj@dicksteinshapiro.com

**David M. Nadler** nadlerd@dicksteinshapiro.com

**Jacquetta F. Bardacos** jbardacos@packard.com

**Stephen C. Engstrom** stephen@wecc-law.com,marilyn@wecc-law.com

**Shirley Guntharp Jones** shirley@wecc-law.com,amber@wecc-law.com

**Daniel W Packard** dpackard@packard.com


                                                     /s/ *Donald J. Williamson*
                                                     Donald J. Williamson