IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br> *ex rel.* NORMAN RILLE and NEAL ROBERTS, <br>         *Plaintiff,* <br><br> vs. <br><br> ACCENTURE LLP; ACCENTURE LTD., and PROQUIRE, LLC, <br>         *Defendants.* | Civil Action No. 4-04 CV0000985BRW |

ORDER REGARDING PENDING DISCOVERY MOTIONS

On January 27, 2011 and February 28, 2011, Special Master John W. Cole held discovery status hearings to address outstanding motions and discovery matters. Present at the hearings were representatives for all parties. Arguments of all counsel were heard, and the Court orders and decrees as follows:

    1.    Relators' Motion to Compel Discovery Concerning Equity Alliance Benefits (#326).

Defendants shall apply search terms to identify potentially relevant documents from the reasonably accessible electronically stored information ("ESI") of Alliance Service Leads ("ASLs") who were responsible for each alliance with a vendor with which Accenture had a performance warrant relationship and from the reasonably accessible ESI of Mary Moussa and Diana Gravenhorst. In addition to the terms listed in the Defendants' December 7, 2010 letter to the Special Master, Defendants shall apply the terms provided to them at the January 27, 2011

hearing by Relators' counsel to the reasonably accessible ESI of the ASLs and Ms. Moussa and Ms. Gravenhorst for the period during which Accenture maintained such performance warrant relationships. Defendants shall review all documents identified using search terms from such reasonably accessible ESI and produce all documents that identify equity Alliance Benefits earned on, or in connection with, a federal government contract or subcontract or that relate to performance warrants Accenture received or could have received from vendors who the parties have agreed operated with Accenture within the United States government space.

With respect to ASLs for which reasonably accessible ESI from the relevant time period is not available and for Emmanuel Familar, for whom Accenture has indicated that it does not have reasonably accessible ESI, Defendants shall attempt to contact the former ASLs identified in Defendants' December 15, 2010 letter as individuals for which Accenture does not have reasonably accessible ESI and determine whether those ASLs still have documents or ESI related to Accenture's performance warrant relationships with vendors.

With regard to Relators' request for information related to warrants Accenture received from Siebel, Defendants and Relators have exchanged correspondence regarding Accenture's relationship with Siebel. Accenture has indicated that it believes it has produced the stock purchase agreements and stock option agreements related to stock it held in Siebel. If the Siebel warrants are not the result of a performance warrant relationship, Accenture need not produce information concerning such warrants.

2. Accenture's Motion to Compel Answers to Accenture's First Set of Interrogatories (Restated) (#311).

The parties shall supplement their discovery responses by March 30, 2011. By March 30, 2011, the United States shall supplement all of its answers to interrogatories with any new

material and, to the extent it has not already done so, shall set out why each claim is false or fraudulent and specifically commit itself to a theory, including the how, why, when, and, if appropriate, where, for each claim. The parties shall serve final supplemental interrogatory responses by May 16, 2011. Further supplementation may be made after May 16, 2011, if further responsive information arises after that date.

3. United States' Motion to Compel Responses to United States' Third Set of Interrogatories (12/18/2010).

Accenture shall, by close of business March 23, 2011, further supplement its response to the United States' Third Set of Interrogatories by identifying, to the extent possible, the SAP person(s) who it understands were informed of and/or approved of the changes, revisions, or alterations to Exhibit 1 of the interrogatories and the Accenture employee(s) to whom Accenture has spoken regarding the identity of such SAP individuals.

4. Accenture's Motion to Compel Responses to Accenture's Second Set of Interrogatories and Third Set of Document Requests (#314).

The Parties have agreed to a process whereby the United States has produced files from an agreed upon list of DITCO's contracts. Further consideration of Accenture's Motion to Compel Responses to Accenture's Second Set of Interrogatories and Third Set of Document Requests will be addressed, if necessary, at an appropriate time after Accenture's review of such documents.

5. Accenture's Motion to Compel Production of Documents Responsive to Request 13 of Accenture's Second Set of Document Requests, and to Shorten Response Time for Motion Pursuant to Local Rule 7.2(b) (#417).

At the request of the parties, further consideration of Accenture's Motion to Compel Production of Documents Responsive to Request 13 of Accenture's Second Set of Document

Requests is not now necessary. Any further request for consideration will be raised with the Court at the appropriate time.

6. United States' Motion to Compel Responses to United States' First and Second Set of Interrogatories (#421).

Defendants shall further supplement their response to interrogatory 11 of the United States' First Set of Interrogatories by March 23, 2011. Defendants shall further supplement their responses to interrogatory 6of the United States' First Set of Interrogatories and interrogatory 1 of the United States' Second Set of Interrogatories by March 23, 2011.

7. Accenture's Motion to Compel the Department of Justice to Produce Documents from Related Cases Pertaining to Payments Made By Hewlett-Packard and EMC Corp. (#424).

The parties have resolved this motion.

8. United States' Motion for Protective Order Limiting the Scope of Department of Interior's and U.S. Transportation Command's 30(b)(6) Depositions (#444).

Upon consideration of the parties' memoranda in support and in opposition to the United States' Motion for Protective Order Limiting the Scope of Department of Interior's and U.S. Transportation Command's 30(b)(6) Depositions and the parties' oral arguments at the February 28, 2011 discovery hearing, the motion is denied.

9. Unless otherwise addressed above or continued, the parties' motions to compel listed above are resolved.

SO ORDERED this /3 day of _____, 2011.

_____
HONORABLE JOHN W. COLE