**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

_____

THE UNITED STATES OF AMERICA, )
*ex rel.* NORMAN RILLE and NEAL )
ROBERTS, )
)
         *Plaintiffs,* )
)
     vs. )     Case No. 4:04-CV-985-BRW
)
ACCENTURE LLP, *et al.,* )
)
         *Defendants.* )
_____ )

**RELATORS' MEMORANDUM IN SUPPORT OF MOTION TO RELIEVE**
**PACKARD, PACKARD & JOHNSON AS COUNSEL OF RECORD**

This motion requests that the Court enter an order relieving Packard, Packard &

Johnson ("PPJ") and its individual lawyers of its and their status as counsel of record in this and

other related cases.

**I.    INTRODUCTION**

PPJ has represented the Relators in a number of cases brought under the False Claims

Act, 31 U.S.C. §3729, *et seq.* (the "FCA Cases").  Approximately ten months ago, a substantial

economic dispute involving nearly $1.34 million arose as a result of the conflicting interests of

Relators and PPJ over PPJ's receipt and allocation of statutory fees, costs, and expenses, and its

resultant effect on Relators' receipt of Relators' Award funds.  On April 11, 2011 Relators filed

an action in the Superior Court of the State of California, County of Los Angeles entitled *Neal A.*

*Roberts, et al. v. Packard, Packard & Johnson*, Case No. BC459259 (the "California Action")

asserting, among other things, claims for conversion and breach of fiduciary duty by PPJ.

The rules of professional conduct in both Arkansas and California require PPJ to cease representing Relators in the FCA Cases because of the direct conflict of interest created by this dispute as well as the resulting litigation.[1]  PPJ, however, has been unwilling for several weeks to execute a document so providing in a format Relators understand to be acceptable to the Court, and PPJ has failed to provide an alternative document in a form acceptable to the Court's processes.  Relators accordingly ask this Court to enter an order relieving PPJ as counsel for Relators in these actions.  Relators are concurrently providing the Court with a form of proposed Order.  The proposed Order does not ask this Court to make any decision that would relate to the parties' underlying dispute, but merely seeks an order that reflects the circumstances:  that PPJ no longer represents Relators before this Court.

## II.     FACTUAL BACKGROUND

According to the First Amended Complaint filed in the California Action (the "Complaint"), PPJ and Relators entered into a contingent fee agreement (the "Fee Agreement") for these FCA cases which is silent as to how to allocate statutory fees, costs, and expenses when PPJ settled with an FCA defendant for fees, costs, and expenses for a single integrated amount (i.e., one that does not identify the amount of the settlement allocable to each of statutory fees, costs, and expenses).  The Complaint further alleges that PPJ contends that it is to receive all of the statutory fees for which it settles but that any costs and expenses that it does not receive in such settlements are to be paid by Relators out of Relators' awards, a contention which means

---

[1] PPJ has executed a "substitution of counsel" form for this action.  However, it is Relators' understanding that this document is not the appropriate form in this district to relieve existing counsel of record.  Relators provided a proposed order to PPJ (substantively, the same proposed order submitted with this motion) but PPJ has thus far been unwilling to approve the order or provide an alternative proposed order relieving it and its attorneys as counsel of record.

that the economic interests of Relators and PPJ differ:  the more of such funds allocated to fees, the more PPJ benefits; the more allocated to costs and expenses, the more Relators benefit.

The Complaint further alleges that, in connection with several settlements of statutory fees, costs, and expenses, PPJ unilaterally divided and allocated lump-sum recoveries between fees, on the one hand, and costs and expenses, on the other.  Relators contend in the California Action that PPJ under-allocated the amounts to costs and expenses and over-allocated it to fees,[2] resulting in the increase of PPJ's personal recovery and decrease of Relators.'

The Complaint further alleges that, in September 2010, as an interim matter while Relators undertook a factual investigation, the parties agreed to place $1,338,792 of the amounts received by Relators in PPJ's client trust account until further efforts to resolve the dispute could be undertaken.  When the parties could not resolve the dispute during the next several months, Relators demanded that PPJ release the funds, but PPJ failed to do so.

On April 11, 2011, Relators filed the California Action against PPJ for, among other things, breach of fiduciary duty, conversion and for declaratory relief relating to the release of the $1,338,792 in funds withheld by PPJ.[3]

---

[2] The Complaint alleges that PPJ allocated approximately 92% of the settled amounts for fees, and only 8% to costs and expenses, but claimed that costs and expenses totaled approximately 54% of the settled amounts.

[3] The litigation also seeks a declaration determining that the Fee Agreement was both voidable and voided pursuant to Section 6147 of the California Business & Professions Code.

### III.   PPJ MAY NO LONGER SERVE AS COUNSEL OF RECORD BECAUSE A DIRECT CONFLICT OF INTEREST EXISTS BETWEEN RELATORS AND PPJ

The law in both Arkansas and California[4] is plain that "'[a] fiduciary relationship exists between attorney and client, and the confidence which the relationship begets between the parties makes it necessary for the attorney to act in utmost good faith.  This high fiduciary relationship positively precludes attorneys from representing conflicting interests…." *American-Canadian Oil & Drilling Corp. v. Aldridge & Stroud*, 237 Ark. 407, 409-10 (1963) (*quoting Norfleet v. Stewart*, 180 Ark. 161); *see Hicks v. Clayton*, 67 Cal. App. 3d 251, 262 (1977) ("The relation of attorney and client is of a fiduciary character.")  A lawyer's fiduciary duty includes the duty to represent the client with undivided loyalty.  *Cole v. Laws*, 349 Ark. 177, 185 (1979).

When directly conflicting interests exist between the attorney and client, the attorney is ethically required to withdraw from the representation unless the attorney has obtained the informed consent of the client for the continued representation.  *See* Ark. R. Prof. Conduct Rule 1.7, comment 4; *accord*, *Moore v. Anderson Zeigler Disharoon Gallagher & Gray*, 109 Cal. App. 4th 1287, 1298-1299 (2003) ("It is … an attorney's duty to protect his client in every possible way, and it is a violation of that duty for him to assume a position adverse or antagonistic to his client without the latter's free and intelligent consent given after full knowledge of all the facts and circumstances.") (*quoting  Flatt v. Superior Court,* 9 Cal.4th 275, 289 (1994)).

---

[4]  This litigation and this Court are in Arkansas.  The Fee Agreement was drafted by PPJ, a California entity, executed in California between California clients (Relators) and California lawyers (PPJ), and contains a choice of California law provision.  It does not, however, matter which jurisdiction's law applies, since there is no disagreement between the two states' ethical requirements for counsel.

A direct conflict of interest exists between the interests of PPJ and those of Relators: (1) They both claim the full right to receive the $1.34 million in Relators' Award funds that are in PPJ's client truest account; and (2) they are in the midst of litigation over that amount, plus other related issues, in which Relators allege that PPJ converted their funds and breached its fiduciary duties to them.  Those disputes do not allow PPJ to represent Relators with undivided loyalty in the present FCA Cases, part of the same group of actions in which the claimed conversion and breach of fiduciary duty arose.  *See Ramirez v. Sturdevant*, 21 Cal. App 4th 904, 923-26 (1994) (conflict of interest may be created upon settlement of a damages claim belonging to client and fee claim to which an attorney has interest when an attorney attempts to maximize his own fees by minimizing client's damages award).  Those conflicts of interest have never been waived by Relators.

Rule 1.16(a) of the Ark. R. Prof. Conduct and Rule 3-310 of the Cal. R. Prof. Conduct provide that if a conflict arises between an attorney and his client after representation has been undertaken, the attorney must withdraw from the representation.  PPJ accordingly must be relieved as Relators' counsel, and Relators ask that the Court enter an appropriate order to that effect.[5]

## IV.    CONCLUSION

Relators respectfully request that the Court relieve PPJ as Relators' counsel in these actions.  Relators do not seek to have the Court make any finding relating to, or otherwise

---

[5] The proposed order submitted by Relators also permits PPJ to continue to host an existing Ringtail database and related computer systems or, if PPJ and Relators cannot agree on the costs relating to such hosting, permit Relators to move these databases to an appropriate and new secured location and that PPJ need no longer be involved in hosting this data.

involve itself in, the California Action.  Relators only request that the Court permit these cases to

go forward with one set of captains at the ship's helm, not two.

Respectfully submitted,

Dated: June 6, 2011

/s/ Stanley M. Gibson
Stanley M. Gibson (Cal. Bar No. 162329)
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
(310) 203-8080
sgibson@jmbm.com

-and-

Stephen Engstrom (ABN 74047)
WILSON, ENGSTROM, CORUM & COULTER
200 River Market Avenue, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
stephen@wecc-law.com
Telephone: (501) 375-6453
Facsimile: (501) 375-5914

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on this the 6th day of June, 2011:

- **Jacquetta F. Bardacos**
  jbardacos@packard.com

- **Jenelle M. Beavers**
  jenelle.beavers@usdoj.gov

- **Joseph Berger**
  bergerj@dicksteinshapiro.com,dodsont@dicksteinshapiro.com

- **Michael Bierman**
  mbierman@luce.com,tdelpomar@luce.com

- **Timothy Lloyd Brooks**
  tbrooks@taylorlawpartners.com,scraig@taylorlawpartners.com

- **Justin A. Chiarodo**
  Chiarodoj@dicksteinshapiro.com

- **Stephen C. Engstrom**
  stephen@wecc-law.com,marilyn@wecc-law.com

- **Stanley M. Gibson**
  sgibson@jmbm.com

- **J. Andrew Jackson**
  Jacksona@dicksteinshapiro.com

- **Anton Leo Janik , Jr**
  ajanik@mwlaw.com,cwalls@mwlaw.com

- **Craig H. Johnson**
  cjohnson@packard.com

- **Shirley Guntharp Jones**
  shirley@wecc-law.com,lorraine@wecc-law.com

- **Jeehae Jennifer Koh**
  jennifer.koh@usdoj.gov

- **Ryan S. Mauck**
  rmauck@jmbm.com

- **Linda McMahon**
  linda.mcmahon2@usdoj.gov

- **David M. Nadler**
  nadlerd@dicksteinshapiro.com

- **Daniel W Packard**
  dpackard@packard.com

- **Lon D. Packard**
  lpackard@packard.com

- **Ronald D. Packard**
  rdpackard@packard.com

- **Von G. Packard**
  vpackard@packard.com,jsimmons@packard.com

- **Adam Proujansky**
  proujanskya@dicksteinshapiro.com

- **Lyn Peeples Pruitt**
  lpruitt@mwlaw.com,bhopper@mwlaw.com

- **Deborah Ringel**
  ringeld@dicksteinshapiro.com

- **Shannon S. Smith**
  Shannon.Smith@usdoj.gov,Maria.Altadonna@usdoj.gov

- **Warner H. Taylor**
  whtaylor@taylorlawpartners.com,mbright@taylorlawpartners.com

- **Jason D. Wallach**
  wallachJ@dicksteinshapiro.com

- **Jeffrey Wexler**
  jwexler@luce.com,tdelpomar@luce.com

- **Donald J. Williamson**
  don.williamson@usdoj.gov

- **Brian R. Young**
  brian.young4@usdoj.gov

and via first class United States mail, postage prepaid, to the following:

John W. Cole
Attorney at Law
311 West Sunset Drive
Sheridan, AR 72150

/s/  Ryan S. Mauck