**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Case No. 4:04-CV-00985-BRW |
| ACCENTURE LLP, *et al.*, | ) ) | |
| *Defendants.* | ) ) | |

## ORDER

Pending is Accenture's Motion for Leave to File Out of Time Defendants' Opposition to PPJ's Motion to Seal (Doc. No. 702). The Motion contained the opposition brief as Exhibit A. Because Accenture's opposition brief is already in the record, the Motion (Doc. No. 702) is DENIED as MOOT.

Also pending are Accenture's Motion to Strike Privileged Materials (Doc. No. 703) and Motion to Shorten Time for Response to Motion to Strike (Doc. No. 704). The Motion to Strike (Doc. No. 703) is DENIED. The Motion to Shorten Time (Doc. No. 704) is DENIED as MOOT.

Pending is Packard, Packard & Johnson's ("PPJ") Motion to Seal (Doc. No. 696). The Motion to Seal is GRANTED. However, in connection with attorney's fees, I find that any privileges have been waived by seeking attorney's fees and costs, and submitting privileged documents in support -- but only in connection with documents that have already been produced.

Under these circumstances, I do not find the cases cited by Accenture[1] persuasive in connection with a broad waiver of privilege -- beyond the documents that have already been produced. Of course, the General Protective Order remains in effect.

Accenture pointed out that in the lawsuit pending between Relators and PPJ in California,[2] Relators challenge the veracity of PPJ's billing -- an issue that has not been raised before. The First Amended Complaint reads, in part:

> Of the approximately $1,400,000 in total costs claimed by PPJ, roughly $500,000 remain entirely unsupported, unexplained, and unaccounted for. And even the incomplete information PPJ has provided to the Clients in connection with the remaining $900,000 is costs shows that PPJ has attempted to impose on Clients unreasonable costs, including overhead costs, that should not be imposed on Clients.[3]

According to the First Amended Complaint, under the fee agreement between PPJ and Relators, "PPJ was required to deduct any Statutory Costs it recovered from the costs that would otherwise be paid by Clients from their Relators' Awards."[4] The fee agreement was silent as to how to "divide, allocate and apply Statutory Fees (which go wholly to the Lawyers) and Statutory Costs (which are paid from Clients' Relators' Awards) . . . ."[5]

Relators now seek statutory costs in their pending Motion for Award of Statutory Attorneys' Fees, Costs and Expenses Pursuant to 31 U.S.C. § 3730(d), while apparently arguing in California that the costs PPJ is requesting are unexplained and inappropriate. The parties are

---

[1] Doc. No. 709.

[2] Case No. BC459259, Superior Court of the State of California for the County of Los Angeles (May 9, 2011).

[3] Case No. 4:04-CV-00989-BWR, Doc. No. 212.

[4] *Id.*

[5] *Id.*

directed to file, by 5:00 p.m., Friday, August 10, 2012, briefs explaining to me why this case should not be stayed until the California issues are resolved.

IT IS SO ORDERED this 3rd day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE