

RECEIVED
AUG - 6 2012
Wm. R. Wilson, Jr.
U.S. District Judge
E.D. of Arkansas

PACKARD, PACKARD
A PROFESSIONAL
CORPORATION
JOHNSON

FOUR MAIN STREET, SUITE 200
LOS ALTOS, CALIFORNIA 94022

TEL (650) 947-7300
FAX (650) 947-7301

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 4 2012

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

July 31, 2012

**VIA E-MAIL and U.S. Mail**
**BRWCHAMBERS@ARED.USCOURTS.GOV**
**GENOVEVA_GILBERT@ARED.USCOURTS.GOV**

The Honorable Billy Roy Wilson, Jr.
United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room 423
Little Rock, Arkansas 72201-3325

> Re:   *U.S., ex rel., Rille, et al v. Accenture LLP*
>        Eastern District of Arkansas, Action No. 4:04CV00985BRW

Dear Judge Wilson,

   Your Honor has asked us to explain how PPJ has standing to object to Accenture's proposed late opposition to motion to seal in the absence of a specific request by PPJ for leave to file the motion to seal. We maintain that PPJ has standing based on each of the following grounds.

   There is a FCA case on point, *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610 (6th Cir. 2007). At the time of filing, PPJ was aware of, and attempted to comply with this case.[1] There the relator filed a petition for fees for his former law firm in a FCA action, and the district court awarded less than the requested amount. In response, the prior law firm filed, on its own, an appeal challenging the court's award. The defendant argued that only the relator could appeal and not the former attorney, because the former attorney lacked standing. The Sixth Circuit disagreed, and found that the prior law firm had proper standing:

---

[1] In *Gonter* and in *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574, 576 (9th Cir.1996), cert. denied, 519 U.S. 1109 (1997), an important issue was whether the relator filed a request for the attorney fees, and if the relator did, then counsel has various rights to pursue such fees. In the present action, Relators did in fact request the full amount of PPJ's fees and costs. (Doc. Nos. 694, p. 2, and 698, p. 2.)

The Honorable Billy Roy Wilson, Jr.
United States District Court
July 31, 2012
Page 2

> To refuse standing, therefore, would be tantamount to "exalt[ing] form over substance." An alternate holding would, moreover, potentially jeopardize the availability of sufficiently "reasonable" fees to attract competent representation and, by extension, the ability to vindicate the goals of the FCA. ("The Committee's intent in amending the qui tam section of the False Claims Act is to encourage more private enforcement suits."). Consequently, in concluding that HMRP [the prior law firm] does have standing to bring this appeal, we reiterate our earlier observation that "[w]hen they are the real parties in interest, attorneys are entitled to their day in court."

510 F.3d 610, at 615 (citations omitted).[2]

While the Eighth Circuit has not specifically ruled on this issue in a FCA case, it has established general law consistent with *Gonter*. In *Curtis v. City of Des Moines*, 995 F.2d 125, 128 (8th Cir.1993), the court ruled that state-court judgment creditors who filed a lien notice seeking to reach the proceeds of a federal judgment in favor of the state-court judgment debtor, had standing to appeal the federal order rejecting their claims. Although they had not intervened, they actively participated in post-trial proceedings, made appearances to contest the issues, and were treated as parties by the district court's acts of accepting their briefs and ruling on their arguments.

The Court's Order of June 15, 2011, when it relieved PPJ as counsel of record in the Accenture case (Doc. No. 622), and in the related cases, ruled in Paragraph 3 that if PPJ and Relators were unable to agree on the financial terms for the transfer of Ringtail database from PPJ to Relators, then "PPJ is authorized to include such time and costs in a PPJ application for statutory fees and costs at the conclusion of this action without the prior consent of Relators." There was no transfer of Ringtail, and accordingly, PPJ had authority from the Court to file an application for fees and costs, and to include these items, which it did.

This Court's Order dated July 18, 2011, also held that "PPJ is no longer counsel of record for Relators. However, PPJ has filed a Notice of Attorneys' Lien, and they do have standing to address the attorney fee issues." (Case 4:04-cv-00989-BRW, Doc. No. 201.) While this Order was made in the related HP case on this issue, the principles are the same and the application to the Accenture case is clearly appropriate. Consequently, the Court docket lists PPJ as an interested party in the HP, Accenture and the other related SI/Vendor cases. The attorney fee issues would necessarily include the related privileges such as work product, which belong to attorneys, and related filings for seal. Also, since the work product belongs to PPJ, and not the Relators, PPJ should have standing to protect that privilege.

---

[2] PPJ has been unable to find any subsequent case that disagreed with or distinguished the holding in *Gonter*, and has been unable to locate any other FCA case on point.

The Honorable Billy Roy Wilson, Jr.
United States District Court
July 31, 2012
Page 3

      The Relators' motion for statutory fees and costs specifically requested fees and costs for all of its current and prior counsel, and stated that there would be "two concurrently-filed Memoranda and supporting evidence." (Doc. No. 694, ¶ 3.) One was filed by Relators' current counsel, and the other filed by Relators' prior counsel, PPJ. Relators' motion then includes the specific amounts being requested, with PPJ at $10,023,052 of fees and $619,600 of costs. (Doc. No. 694, ¶ 4C.) In its Memorandum supporting the motion, Relators again state that PPJ "is separately filing a brief and supporting evidence regarding the fees and costs which relate to PPJ's representation of Relators in this case, . . . " (Doc. No. 698, p. 2.) PPJ is the real party in interest as to these statutory fees/costs (or at a minimum, has lien rights),[3] and has standing, as the Court ruled in the *HP* case. (Case 4:04-cv-00989-BRW, Doc. No. 201.) Accordingly, under the *Gonter* and *Virani* cases, in addition to the Court's related Orders, PPJ has standing to file memoranda and supporting papers for the attorney fees and costs, along with any related motions for seal connected to such filing, and to deal with any oppositions thereto. This allows PPJ to protect its interests in the fees/costs, although the entitlement thereto will ultimately be decided by the California arbitration.

      While PPJ has often asked the Court for permission prior to making any filing since it was relieved as counsel of record, there are a couple of occasions where that did not happen: the motion for correction of the HP ruling (Case 4:04-cv-00989-BRW, Doc. No. 208), and the motion to file under seal in this case regarding PPJ's position statement on Relators' Share (Doc. No. 684). Both of these motions were granted.

      In light of the above, PPJ respectfully submits that it has standing, but affirms that it will request leave to file any papers with the Court in the future if that is the desire of the Court. In addition, we respectfully request that the Court enter the subject sealing order.

Respectfully,

PACKARD, PACKARD & JOHNSON

By_____
          Ronald D. Packard

---

[3] As stated in prior filings with the Court, it is PPJ's position (which will be decided in the California arbitration) that under its fee agreement with Relators, PPJ not only has lien rights to the statutory fees and costs, but an outright assignment of such fees and costs.