IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* NORMAN RILLE and NEAL ROBERTS, | ) ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) Case No. 4:04-CV-00985-BRW |
| ACCENTURE LLP, *et al.*, | ) ) ) |
| *Defendants.* | ) ) |

## **ORDER**

As noted in an August 3, 2012 Order,[1] it appears that Relators may be seeking certain costs in this Court, while arguing in a case that they filed in California against their previous counsel, lawyers at the firm Packard, Packard, & Johnson ("PPJ"), that those costs are unexplained or inappropriate. In the August 3 Order, I directed the parties to file briefs explaining to me why this case should not be stayed in light of Relators' allegations in the California case. Neither Defendant Accenture nor PPJ oppose a stay.[2]

Relators are against a stay. Relators contend that the allegations in the California complaint

> referred only to costs that prior to April 2011 had been presented directly to Relators by PPJ in the fully concluded cases in which PPJ had negotiated and agreed to lump sum awards . . . they did not refer to later cases (such as HP) in which the Court

---

[1] Doc. No. 713.

[2] Doc. Nos. 718, 720.

reviewed and ruled on PPJ's submission for statutory costs and determined a reasonable award.[3]

Relators also maintain that

> [e]ven if the allegations quoted in the Order related to the pending Accenture fees and costs motion (and they do not), they would cover only a small portion of the full Section 3730(d) motion before the Court. The total request in the Motion is $11,426,020.31, of which the PPJ-related costs are just $619,600.00. It would not be practical to stay the entire action because of a hypothetical dispute over 5% of the amount in issue.[4]

Based on the information I have, I cannot agree that the costs disputed in the California case are relevant only to Relators' fully resolved cases. Beyond Relators' allegations in the California case that around $500,000 in PPJ-related costs is "entirely unsupported, unexplained and unaccounted for,"[5] Relators assert that

> even the incomplete information PPJ has provided to the Clients in connection with the remaining $900,000 in costs shows that PPJ has attempted to impose on Clients unreasonable costs . . . . Such costs include monthly rent for a room (in a building owned by PPJ) to store computer servers and costs for increased internet capacity.[6]

Turning, for example, to Exhibit 6a of PPJ's Memorandum of Law in Support of Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses, I find a recurring charge for $450 for "server room rental" at Four Main Street Associates.[7] The charge appears on the 1st of each month, beginning with 5/1/2006, and continuing until 3/1/11.[8] According to the website of the California Secretary of State, Four Main Street Associates is a Limited

---

[3]Doc. No. 719.

[4]*Id.*, n.1.

[5]Doc. No. 212. First Amended Complaint, at 6.

[6]*Id.*

[7]Doc. No. 697, Ex. 6a.

[8]*Id.*

2

Partnership for which Ronald D. Packard (one of Relators' former lawyers) of Los Altos, California, serves as the agent for service of process.[9]  According to the contact information for PPJ on file with the Court, PPJ has an office at Four Main Street, Los Altos, California.  The $450 charge for server room rental seems to me to be the exact type of charge -- "monthly rent for a room (in a building owned by PPJ) to store computer servers"[10] -- that Relators contest in the California case.

Further, there are charges in Exhibit 6a that appear to be related to internet capacity.  I note that Relators' challenge of PPJ costs "includes" costs for rent and increased internet capacity, but the First Amended Complaint in the California case does not limit Relators' challenge to those costs.  I am uncertain what other types of costs Relators may be contesting.  Also, the First Amended Complaint provides that the disputed costs were "incurred in prosecuting the Clients' various FCA cases"[11] -- the First Amended Complaint did not limit contested costs to those incurred in prosecuting the fully resolved cases.

Relators filed their Motion for Statutory Attorneys's Fees, Costs and Expenses in this Court after contesting certain of those same costs in California.  I decline to determine if costs are reasonable in the context of an FCA action when Relators themselves allege elsewhere those costs are unexplained or inappropriate.  The issue of whether PPJ-related costs are unexplained and inappropriate must be addressed in California in connection with Relators' causes of action there.  I disagree with Relators' characterization of PPJ-related costs being "just" $619,600.00.  This is a significant sum.  Further, under the present circumstances, Accenture could not fairly

---

[9]http://kepler.sos.ca.gov/cbs.aspx

[10]Doc. No. 212.  First Amended Complaint, at 6.

[11]*Id*.

3

defend Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses without discovery in connection with the costs Relators contest in California.

Relators maintain that a stay would cause excessive delay, citing that no hearing can occur in California before January, 2013, followed by possible appeal times. Payment of fees and costs should be remitted to Relators, but Relators, in turn, should pay PPJ some amount. PPJ does not oppose a stay. Further, had I decided Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses, I would have directed that any award be deposited into the registry of the Court pending the resolution of the California issues. This was the result in the *HP* case -- the award was deposited into the registry of the Court.[12]

Relators assert that the arbitrator in California will take this Court's award of fees and costs into account in determining reasonable fees and costs in the California case. The arbitrator may refer to the Order awarding fees and costs in the *HP* case,[13] noting both that HP did not argue Relators' challenge of PPJ-related costs, and that the *HP* Order was entered before Relators added to this record the First Amended Complaint in the California case.[14]

Considering judicial resources and efficiency; this Court's docket; the ability of this Court to provide for a just determination of Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses; and the positions of Relators, PPJ, and Accenture if this case is stayed, I find a stay appropriate. I will not consider Relators' Motion until the California issues are resolved. Accordingly, the Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses (Doc. No. 694) is DENIED without prejudice. Relators' Motion for Leave to File

---

[12] 4:04-CV-00989-BRW, Doc. No. 231 (E.D. Ark. Feb. 16, 2012).

[13] 4:04-CV-00989-BRW, Doc. No. 206. The Order was later amended. Doc. No. 224.

[14] 4:04-CV-00989-BRW, Doc. No. 212.

a Reply (Doc. No. 721) is DENIED as MOOT.  This case is STAYED pending resolution of the California issues; Relators may re-file their motion upon resolution of the California case.  The parties are directed to inform the Court of the resolution of the California case within two weeks of the fact.

Because this case is stayed, and because the resolution of the California issues may clear up certain issues in connection with costs requested in Relators' Motion, there is no need for discovery at this time; any request for discovery is DENIED for now.  No replies or sur-replies in connection with Relators' Motion will be allowed at this time.

IT IS SO ORDERED this 24th day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE